TREADAWAY, administrator, *v.* RICHARDS.

1. The refusal to strike the whole or a portion of a special plea on demurrer thereto is not cause for a new trial when the entire plea and the particular portion referred to contain some allegations. which are good in law as a defence against the action, although in other respects the plea is defective and insufficient.

2. It is too late, after the plaintiff's case has been closed and the defendant is introducing testimony, to object to the introduction of answers to interrogatories on the ground that one of the commissioners was an agent of the defendant paid to execute the same, no objection in writing having been previously made and notice thereof given to the defendant.

3. Where a guardian sold land in which a minor ward had an interest, and the latter, after arriving at the age of twenty-one years, freely, voluntarily, and with a full knowledge of all the facts, received from her guardian in another State her full share of the proceeds of the sale, the same having been paid over to him by the guardian in Georgia during the ward's minority, and no fraud whatever having been practiced upon her, she was estopped from recovering any interest in the land from an innocent purchaser holding under the purchaser at the guardian's sale, even though that sale may not have been in all respects legal. The ward's actual knowledge of the facts concerning the sale, and her acceptance, after maturity and with full knowledge, of her share of the proceeds, amounted to a ratification by her of the sale, although she may not have known that under the law the sale was illegal.

4. There was no error in refusing a new trial.

July 17, 1893.

Complaint for land. Before Judge HENRY. Floyd superior court. March term, 1892.

DEAN & SMITH, SEABORN WRIGHT and MAX MEYERHARDT, for plaintiff.

EWING & THOMPSON and J. BRANHAM, for defendant.

LUMPKIN, Justice.

Mrs. Weems and Mrs. Terry brought an action against Richards to recover the undivided two thirds of a certain tract of land. The plaintiffs were daughters of S. M. May, deceased, to whom the land in question had been conveyed, as trustee for his wife and children, on the 14th day of December, 1866. At that time there were in life only two children, William J. May and Mollie May, who afterwards became Mrs. Terry. Mrs. Weems had not then been born, and consequently her name was stricken from the declaration as a party plaintiff. Mr. and Mrs. May both died in the year 1877, the former on the 10th of May, and the latter on the 4th of August.

After the death of Mr. May, R. H. Jones was appointed in his stead as trustee for the children, and he also became their guardian. Under an order from the court of ordinary, Jones, as guardian, sold the land, in February, 1886, to William J. May, and it passed from him by a regular chain of title into the defendant.

Mrs. Terry, the plaintiff, contended that under the facts above recited, the entire title to the land in question did not vest in Jones as guardian, but that he held at least an undivided interest therein in his capacity as trustee, and consequently could not, as guardian, sell and convey the whole fee. After a verdict had been rendered for the defendant, Mrs. Terry died, and a motion for a new trial was made by Treadaway as her administrator.

1. Besides the general issue, the defendant filed a plea of estoppel, which was, in effect, as follows: Plaintiffs directed the land sued for to be sold by their guardian, Jones, against his advice. They were present at the court-house on the first Tuesday in February, 1886, when the sale was made by the guardian, stood by and made no objection to the sale, and allowed the property to be sold as theirs and purchased by innocent purchasers. They were afterwards present when the guardian executed deeds conveying the property to the purchasers, and saw the money paid by the purchasers to their guardian without objection thereto, and afterwards each of them received her *pro rata* share of the purchase money. The purchasers, and those under them, believing they were getting a good title to the land, entered into immediate possession thereof, and made valuable improvements thereon (as set forth in an exhibit to the plea), to that extent enhancing and increasing the value of the land. Wherefore, defendants say plaintiffs are estopped to deny defendants' title and right to the land, and have ratified and confirmed the same. The plaintiff

demurred generally to this plea, and also moved specially to strike all of it except the part that related to putting improvements upon the land. The court overruled the demurrer and refused to strike the plea. While the plea is in some respects obviously defective and insufficient, it certainly contains some allegations good in law as a defence against the action upon the issues involved. This will more fully appear in the brief discussion constituting the third division of this opinion.

2. The objection to the introduction of the answers to certain interrogatories, on the ground stated in the second head-note, was not well taken. The plaintiff's case had been closed, and the defendant was introducing his testimony. The objection made was certainly "to the execution and return" of the commission, and in order to be available, should, under section 3892 of the code, have been "made in writing, and notice thereof given to the opposite party, before the case [was] submitted to the jury." This was not done, and therefore the court was clearly right in overruling the objection and admitting the evidence.

3. We deem it unnecessary to decide whether Jones, the guardian, had the legal right, as such, to sell and convey the entire estate in the land under the order from the court of ordinary. There would be much reason for holding, under the peculiar facts of this case, that he did; but be this as it may, he certainly undertook to exercise this right, and if human conduct ever amounted to a ratification of the acts of another, Mrs. Terry undoubtedly ratified, after she attained her majority, all that Jones did in the premises. Her husband, who was her guardian in Tennessee, received from Jones, her guardian in Georgia, prior to her becoming of age, her full share of the proceeds of the sale; and after she became of age, and with a full knowledge of all that had been done, she received from her Tennessee guardian

the money turned over to him by Jones, and receipted him in full for the same. No fraud of any description whatever was practiced upon her by either of the guardians; so it makes no difference whether the sale of the land by Jones was in all respects legal or not. Mrs. Terry was, by her conduct, conclusively estopped from recovering any interest in the land from an innocent third party who held under the purchaser at the guardian's sale.

It was contended that Mrs. Terry was not estopped, because, at the time she accepted the money, she did not know that under the law the sale by the guardian was illegal. If, in point of fact, the sale was illegal, she was bound to know it, and, if she saw proper, to decline to ratify it by accepting her share of its proceeds. As already seen, she had full knowledge of all the facts; was in no way deceived nor imposed upon, and acted deliberately in the matter after reaching majority. Her ignorance of the law, or of her special and peculiar rights thereunder, affords no reason whatever for setting aside the sale at her instance.

The charge of the court was in accord with the views herein expressed, and contained no error.

4. Both the law and justice of the case coincided in bringing about the verdict in favor of the defendant, and the court was right in refusing to set it aside.

*Judgment affirmed.*