GIBBS *et al. v.* GIBBS *et al.*

Under the pleadings and the evidence in this case the court erred in granting an interlocutory injunction and appointing a receiver.

No. 2137. AUGUST 10, 1921.

Injunction and receivership. Before Judge Gower. Ben Hill superior court. June 7, 1920.

Thomas S. Gibbs died testate in 1912. By his will he bequeathed all his personal property to his wife, Mary E. Gibbs, for life, with remainder to his children and a grandson (the son of a deceased daughter) jointly; he devised his real estate to his wife for life, with remainder in specific devises to his children and grandson. Two of the testator's sons were named testamentary trustees for the grandson, who was a minor. Mary E. Gibbs, wife, and Early Gibbs, a son, were named executors of the will. They qualified as such. Mary E. Gibbs died intestate on February 13, 1920. T. W. Gibbs, a son of Thomas S. and Mary E. Gibbs, was in writing selected by all the heirs at law of Mary E. Gibbs, except Early Gibbs, as administrator of Mary E. Gibbs. He was duly appointed

and qualified as administrator on April 12, 1920, giving bond with an approved surety in the sum of more than $20,000.

On May 6, 1920, C. A. Gibbs and Mrs. Julia McSwain, children of Thomas S. and Mary E. Gibbs, legatees and devisees in remainder of Thomas Gibbs and heirs at law of Mary E. Gibbs as aforesaid, filed an equitable petition in Ben Hill superior court, against the other legatees and devisees of Thomas S. Gibbs and heirs at law of Mary E. Gibbs, T. W. Gibbs, administrator of Mary E. Gibbs, and two named banks alleged to be holders of certain funds belonging to the estate of Thomas S. Gibbs. The petition alleged substantially the following: Early Gibbs, some time before the death of his mother, had ceased to take any part in the administration of the estate of ·Thomas S. Gibbs, and Mary E. Gibbs had for several years managed the estate. The lands devised in remainder to Early Gibbs by the will of Thomas S. Gibbs consisted of lots 14, 15 and 16 in square 5, block 16, of the city of Fitzgerald. On March 5, 1918, Early Gibbs being insolvent, his remainder interest in the said city lots was sold by the sheriff of Ben Hill county under execution, and was purchased by Mary E. Gibbs, for the sum of $331. After paying the amount of the execution ($31), the balance of the money derived from the sale was paid over to and accepted by Early Gibbs. The purchase of the remainder interest in these city lots was not necessary for the protection of the life-estate of Mary E. Gibbs; and inasmuch as Mary E. Gibbs had sufficient funds in hand, as executrix of Thomas S. Gibbs, to pay for said remainder interest, she was estopped from acquiring any interest in the same adverse to the estate and devisees in remainder of Thomas S. Gibbs, and now holds the same in trust for said devisees, including Early Gibbs, who should be required to account for the sum of money paid over and accepted by him as aforesaid.

At the time Mary E. Gibbs intermarried with Thomas S. Gibbs she had no property in her own right, and was without capacity to earn money or acquire property, except by gift; and Thomas S. Gibbs did not acquire any property by or through Mary E. Gibbs, except a tract of land in the third district of Ben Hill county, devised by Thomas S. Gibbs to his minor grandson. Thomas S. Gibbs in his lifetime purchased and paid the purchase-money of all the property held by Mary E. Gibbs at the time of her death, particularly certain property in the third district of Ben Hill county.

Mary E. Gibbs "importuned and finally persuaded Thomas Gibbs to take title" to the several tracts of land described in the petition in her name, "for the benefit of herself and all of the heirs and children of the said Thomas Gibbs, so that in case the said Thomas Gibbs should at any time become unfortunate or thereafter have judgments entered against him he would have made some provision for his family; and the said Mary E. Gibbs accepted said title and allowed the same to be made to her with the purpose and understanding" that she would hold the said described lands "for the benefit of herself and the heirs collectively of the said Thomas Gibbs, and it was never contemplated by the said Thomas or the said Mary E. Gibbs that she should have the unlimited right of disposition of said land." Mary E. Gibbs was a woman of no business ability, illiterate, and was for a long time prior to her death in feeble health. She was incapable of contracting. Two of the defendants, J. B. D. Gibbs and Rosa Belle Gibbs, unduly influenced Mary E. Gibbs to execute to J. B. D. Gibbs and Rosa Belle Gibbs a deed to the city lots in Fitzgerald purchased at the sheriff's sale as aforesaid; a deed to Rosa Belle Gibbs to a tract of land in the third district of Ben Hill county, and a deed to J. B. D. Gibbs to another tract of land in Ben Hill county. The deed from Mary E. Gibbs to J. B. D. Gibbs and Rosa Belle Gibbs to the city lots in Fitzgerald is void as a cloud upon petitioners' title, because Mary E. Gibbs was estopped to acquire title to the remainder interest in said lots, and the deeds from Mary E. Gibbs to the named defendants, and each of them, are void for want of capacity in Mary E. Gibbs to execute the same, and for fraud and undue influence practiced and exercised by the named defendants upon Mary E. Gibbs. The administrator of Mary E. Gibbs is colluding with J. B. D. and Rosa Belle Gibbs, and fails to take any steps to have the said deeds canceled or to recover the lands described therein for the benefit of the heirs at law of Mary E. Gibbs. J. B. D. and Rosa Belle Gibbs, after the death of Mary E. Gibbs, took possession of $600 in money belonging to the estate of Thomas S. Gibbs. Mary E. Gibbs and Early Gibbs, as executors of Thomas S. Gibbs, sold at private sale certain live stock belonging to the estate. Under the will the life-tenant was given merely the use and income of the property, both real and personal. Neither as life-tenant nor as executrix did Mary E. Gibbs have authority to sell said personal

property and to apply the proceeds of the sale to her use and benefit. The money arising from the sale of the personal property was used by Mary E. Gibbs to acquire title to the reversionary interest of Early Gibbs in the lots in the city of Fitzgerald, or was deposited by her in her name in designated banks, said deposits being evidenced by time certificates. Neither the lots nor the money on deposit constitute a part of the estate of Mary E. Gibbs, but should be administered as the estate of Thomas S. Gibbs. On April 20, 1920, petitioners brought suit against J. B. D. Gibbs, Rosa Belle Gibbs, T. W. Gibbs individually and as administrator, and others, in Crisp superior court, to restrain T. W. Gibbs as administrator of Mary E. Gibbs from administering said certificates of deposit. T. W. Gibbs is not faithfully and impartially administering the estate, and has shown a disposition to favor defendants J. B. D. Gibbs and Rosa Belle Gibbs, by virtue of the facts already alleged, and by reason of the payment by him of a sum of money in discharge of an indebtedness contracted by the named defendants for a monument placed on the family burial lot. The sum of money paid was in fact paid out of the money on deposit as aforesaid. During the lifetime of Mary E. Gibbs a deed from Mary E. Gibbs to Early Gibbs to four hundred acres of land in Ben Hill county was placed on record. Mary E. Gibbs instituted against Early Gibbs a suit to cancel the deed, and this suit is still pending. The administrator of Mary E. Gibbs intends to be made a party in her stead, and said suit is in order for trial. On April 13, 1920, a petition to remove Early Gibbs as executor of the will of Thomas S. Gibbs was filed in the court of ordinary of Ben Hill county. The petition was filed in the name of all the devisees of Thomas S. Gibbs and heirs at law of Mary E. Gibbs, including petitioners in this suit, but the latter were joined without their authority. A Mrs. Cooper has instituted proceedings against the administrator of Mary E. Gibbs, to foreclose a lien in the nature of a liveryman's lien for the feed of certain live stock alleged to belong to the estate. Early Gibbs as executor of the estate of Thomas S. Gibbs has given bond and replevied the stock. T. W. Gibbs, administrator of Mary E. Gibbs's estate, has instituted a bail-trover proceeding against Early Gibbs, to regain possession of the stock. Said administrator has instituted an equitable suit to restrain petitioners in this suit and Early Gibbs from taking wood off a certain lot of land. Peti-

tioners have no desire to do the acts complained of in the petition, and the suit by Mrs. Cooper was encouraged by the administrator, and the suit of the administrator was brought for the purpose of involving the estate in needless litigation. In addition, a suit was brought by Mary E. Gibbs as executrix, during her lifetime, to require Early Gibbs to account for certain moneys paid by Thomas S. Gibbs and by the estate of Thomas S. Gibbs for the use and benefit of Early Gibbs individually, which suit is still pending.

The prayers of the petition were, that all the suits referred to, except the suit brought by Mary E. Gibbs against Early Gibbs to cancel the deed purporting to have been executed by her to Early Gibbs, be enjoined, and the parties be required to intervene and set up whatever claims they may have against the estates of Thomas S. Gibbs and Mary E. Gibbs in this proceeding; that defendants J. B. D. and Rosa Belle Gibbs be required to deliver up for cancellation the deeds referred to; that said last-named defendants be required to account for the $600 belonging to the estate of Thomas S. Gibbs; that there be an accounting between the administrator of Mary E. Gibbs and the surviving executor of Thomas S. Gibbs; that the assets of the two estates be marshaled and administered by a receiver; that defendants J. B. D. Gibbs and Rosa Belle Gibbs be enjoined from encumbering or in any manner changing the status of the title to the land they respectively claim; that T. W. Gibbs individually and as administrator of Mary E. Gibbs be enjoined from changing the status of the property in his hands as administrator; for general relief, and for process.

The defendants demurred upon the grounds, that the petition set forth no cause of action for equitable relief; that there is a misjoinder of parties defendant; that Mary E. Gibbs acquired title under the sheriff's deed to the remainder interest of Early Gibbs in the city lots, under the allegations of the petition; that Mary E. Gibbs did not hold title to the lands described in the petition as trustee, under the allegations of the petition; and that the plaintiffs, by reason of the acquiescence of Thomas S. Gibbs and the laches of the plaintiffs, as disclosed by the petition, can not claim that Mary E. Gibbs held said lands as trustee for the benefit of Thomas S. Gibbs or of his devisees. The defendants demurred specially to several paragraphs of the petition. They also answered, denying all the material allegations. On the interlocutory hearing, had be-

fore the appearance term, the demurrers were urged as a reason why the relief prayed should not be granted. There is some conflict in the evidence on minor matters, but there is no substantial conflict on the real issues raised by the pleadings, except as noted in the opinion. The court granted an injunction and appointed a receiver, as prayed. The defendants excepted.

*Cutts & Nicholson,* for plaintiffs in error.

*F. M. Powers, Wall & Grantham, A. J. & J. C. McDonald,* and *Clayton Jay,* contra.

GEORGE, J. (After stating the foregoing facts.) The plaintiffs below (defendants in error here) insist that Mrs. Gibbs could not buy the remainder interest of her son, Early Gibbs, at the sheriff's sale, and that such purchase was necessarily for the benefit of the estate of which she was executrix. The general principle that a trustee can not purchase an interest adverse to his trust is invoked. The principle is fully recognized, but it has no application here. Under the will of Thomas S. Gibbs, a copy of which was attached to the petition, vested remainders were created. The executrix of Thomas S. Gibbs had no control over the remainders. She was charged with no trust in respect thereto. It may or may not have been necessary for Mrs. Gibbs, the life-tenant, who was also executrix of the will of Thomas S. Gibbs, to purchase the remainder interest of Early Gibbs in the city lots for the protection of her life-estate. She may or may not have had money in hand as executrix with which to purchase such remainder interest. She had no authority to purchase the remainder interest as executrix. As an individual she desired to purchase the remainder interest. Her right to do so in the circumstances of this case is clear and unquestioned. But if her right to do so were not clear, Early Gibbs alone can complain. He is not complaining. On the contrary he accepted the purchase-money, after the payment of the execution against him, thereby ratifying the sale of his remainder interest to his mother individually. The remainderman is not questioning the validity of the sale, and by virtue of his ratification thereof can not question the validity of the sale, if there were otherwise any question as to its validity. See *Neal* v. *Field,* 68 *Ga.* 534; *Pike* v. *Stallings,* 71 *Ga.* 860 (5); *Treadaway* v. *Richards,* 92 *Ga.* 264 (18 S. E. 25); *Shepherd* v. *Todd,* 95 *Ga.* 19 (22 S. E. 32).

We are also of the opinion that under the allegations of the peti-

tion as it now stands, and the proof offered in support thereof at the interlocutory hearing, no resulting trust arose in favor of the devisees of Thomas S. Gibbs or of the children and heirs at law of Mrs. Mary E. Gibbs. The deeds to Mrs. Mary E. Gibbs, so far as appears, were absolute deeds, and the allegation of the petition is that at the time these deeds were taken Mrs. Gibbs "importuned and finally persuaded Thomas Gibbs to take title" to the land in her name, "for the benefit of herself and of all the heirs and children of the said Thomas Gibbs, so that in case the said Thomas Gibbs should at any time become unfortunate or thereafter have judgments entered against him he would have made some provision for his family." The evidence goes no further than the allegations of fact. In principle the case is controlled by the ruling in *Vickers* v. *Vickers,* 133 *Ga.* 383 (65 S. E. 885, 24 L. R. A. (N. S.) 1043); and *Jackson* v. *Jackson,* 146 *Ga.* 675 (92 S. E. 65).

"Equity will not interfere with the regular administration of estates, except upon the application of the rep sentative, either, first for construction and direction, second for marshaling the assets; or upon application of any person interested in the estate, where there is danger of loss or other injury to his interests." Civil Code (1910), § 4596. As a general rule, equity will not interfere with the regular administration of estates by the representative, and to authorize such interference the facts must clearly show there is good reason for so doing. *Morrison* v. *McFarland,* 147 *Ga.* 465 (94 S. E. 569). T. W. Gibbs was selected in writing by all the heirs at law of Mary E. Gibbs, except Early Gibbs. Early Gibbs is not a complainant here. The parties complaining joined in the selection of T. W. Gibbs as administrator. They now assert that the estate is insolvent, but the administrator is under bond, with an approved surety. Within less than one month after his appointment a court of equity is asked to remove him and to appoint a receiver to take charge of the estate. It is said that he is favorable to certain of the heirs named as defendants (plaintiffs in error). He has thus far failed to bring certain suits which, in the opinion of the plaintiffs, should be brought. It is said that he has paid an item of indebtedness which should have been charged to certain of the heirs as individuals. Upon this point the evidence can hardly be said to be in dispute. Before the erection of a monument on the family burial lot the heirs at law were consulted; and the facts

strongly indicate, if they do not compel a finding, that all the heirs, including the plaintiffs in the court below, agreed to this expenditure. It would seem to be immaterial whether the money was paid out of the funds belonging to the estate of Thomas S. Gibbs or of Mary E. Gibbs, the children of Mary E. Gibbs in either event being entitled to the fund. But the payment of an improper item by the administrator will furnish no ground for the appointment of a receiver and for injunction, since this matter and similar matters set out in the petition are easily relievable in the court of ordinary. The petition does set forth grounds for the removal of Early Gibbs as executor of the estate of Thomas S. Gibbs. An application for his removal was pending in the ordinary's court of Ben Hill county at the time of the filing of the suit. The plaintiffs in the equity suit were parties to that proceeding. It is true that there is some evidence tending to show that they were not made parties by their consent, but nevertheless a proper proceeding is pending in a proper court for the removal of the executor, and a resort to equity in the premises is entirely unnecessary.

The courts of ordinary have jurisdiction in the administration of estates of deceased persons. While courts of equity have concurrent jurisdiction with courts of ordinary in the administration of such estates in all cases where equitable interference is necessary or proper to the full protection of the rights of the parties at interest, the court of ordinary of Ben Hill county having assumed jurisdiction in this case should retain it, unless good reason can be given for the interference of equity. Civil Code (1910), § 4540. Under the evidence in the record, a finding that the administrator of Mary E. Gibbs's estate was colluding with third persons, or encouraging them to institute suits against the estate for the purpose of involving the estate in needless litigation, was unauthorized. In one respect only is the petition meritorious. Where it appears that " an administrator is seeking to administer property the title to which clearly appears to be in another, then a receiver should be appointed, if the circumstances indicate that the rights of all the parties would thereby be more effectually and expeditiously protected and enforced." *Hill* v. *Arnold,* 79 *Ga.* 367 (4 S. E. 751). Giving full effect to the evidence offered by the plaintiffs, it appears that the administrator is seeking to administer a small amount of property belonging to another estate, to wit, the estate of Thomas

S. Gibbs. It is conceded that the property in dispute will go ultimately to the children and representatives of children of Thomas S. and Mary E. Gibbs. It will go to the legatees of Thomas S. Gibbs and to the heirs at law of Mary E. Gibbs in exactly the same proportion. While this fact will not authorize the administrator of Mary E. Gibbs's estate to administer the property, it is a fact which should be taken in consideration by the court of equity. The amount of property in dispute is trifling as compared to the whole estate of Mary E. Gibbs. Indeed, the unadministered estate of Thomas S. Gibbs is itself trifling, and the bare circumstance that a dispute has arisen as to the title to a small amount of property which the administrator of Mary E. Gibbs is seeking to administer as a part of her estate is not of itself sufficient to authorize an injunction and the appointment of a receiver. The legal remedies provided afford to the plaintiffs ample and adequate protection. Conceding that some of their alleged rights can be asserted only in a court of equity, there is nothing in this record to authorize the issuance of an injunction and the appointment of a receiver to take charge of the two estates. The plaintiffs themselves may maintain equitable suits against all necessary and proper parties, to enforce such rights as they here seek to assert, without interfering with the duly appointed representative of the estate.

*Judgment reversed. All the Justices concur.*