## DAVIS *v.* CULPEPPER.

ATKINSON, J. 1. The courts of equity have concurrent jurisdiction with the courts of ordinary over the settlement of accounts of administrators (Civil Code (1910), §§ 4073-4075; *Clements* v. *Fletcher,* 154 *Ga.* 386, 114 S. E. 637), and in the administration of estates of deceased persons, in all cases where equitable interference is necessary or proper to the full protection of the rights of the parties at interest. *Morrison* v. *McFarland,* 147 *Ga.* 465 (94 S. E. 569).

2. Where law and equity have concurrent jurisdiction, the court first taking will retain it, unless a good reason can be given for the interference of equity. Civil Code (1910), § 4540; *Clements* v. *Fletcher,* supra.

3. The facts in this case bring it within the exceptions above stated, and equitable interference is authorized. An executor held certain shares of corporate stock to which a minor was entitled under the will. The father of the minor made application as guardian to the judge of the superior court, under the Civil Code (1910), §§ 3064, 3065, for leave to sell the shares of stock for the purpose of reinvestment in designated property. The court granted the order for sale of the property as prayed. After the order was granted the shares of stock were

delivered by the executor to the father of the minor, and they were sold and reinvested in pursuance of the order of the superior court. Ten years after the sale and two years after the minor had attained his majority, he repudiated the action of the executor in delivering the shares of stock to the father, and denied the validity of the judgment of the superior court ordering the sale of the property, on the ground that the father was not his lawful qualified guardian, and that his representation to that effect in his petition to the superior court for sale of the property was false and fraudulent, and consequently the judgment of the superior court was void and a mere nullity. Regarding the delivery of the stock by the executor and its sale for reinvestment as void, as indicated above, the minor presented a petition to the court of ordinary, calling upon the executor for an accounting and settlement with reference to the shares of stock mentioned above. The court of ordinary entertained the petition, and the executor was served with a rule citing him to settlement. When this was done the executor filed his equitable petition to the superior court against the minor and his father, alleging them both to be insolvent, and seeking to sustain his action in delivering the shares of stock to the father, and, in the event that the court should require him to account to the minor for the value of the stock, that he be subrogated to the rights of the defendants in the property purchased by the sale of the corporate stock. At an interlocutory hearing the judge temporarily enjoined the proceedings in the court of ordinary. The exception is to that judgment.

4. Under the pleadings and the evidence the judge did not err in granting the temporary injunction.

*Judgment affirmed. All the Justices concur.*

No. 6450. JANUARY 16, 1929.

*Branch, Snow & Alexander,* for plaintiff in error.
*Titus & Dekle,* contra.