## Bivins *et al. v.* Marvin.

1. There was equity in the petition ; and the superior court having taken jurisdiction of the case, that jurisdiction could not be ousted by the subsequent appointment by the ordinary of an administrator of the decedent whose estate was in controversy.

2. Under the pleadings and evidence in this case, the order appointing the receivers was erroneous. The main defendant being undoubtedly entitled to one-half of the estate, it was in no event necessary to put in the hands of a receiver more than enough of the property to secure to the petitioner his alleged half of the estate in case his heirship should be established; and under the allegations and proof as to the solvency of the defendant above referred to, it was error to appoint a receiver at all without first allowing that defendant the opportunity to give a bond in a sufficient amount and so framed as to fully protect the petitioner in whatever rights he might be able to establish by the verdict and judgment at the final hearing. Had such bond been given, the petition for a receiver should have been denied altogether. Direction is accordingly given, that the trial judge, without hearing further evidence, so modify the order already passed as to make the same conform to the rulings above announced.

May 15, 1895. Brought forward from the last term.

Petition for injunction and receiver. Before Judge Smith. Dooly county. November 10, 1894.

Allen Fort and Martin & Whipple, for plaintiffs in error.

J. L. Hopkins & Sons and Littlejohn & Thomson,*contra.*

Lumpkin, Justice.

In July, 1892, Dr. George W. Marvin died intestate, leaving a considerable estate, consisting of lands, bank stock, money, notes and accounts and other personalty. His widow, Mrs. Theodora Marvin, by whom he left no children, supposing herself to be his only heir at law, took possession of his entire estate, the indebtedness of which amounted to little or nothing. She afterwards intermarried with Joseph E. Bivins, and at the time the petition in the present case was filed, they were in possession of and managing the property. This petition

was filed by Francis G. Marvin, a citizen of Nebraska, who claimed to be a son of the intestate by a former marriage, and therefore entitled to one half of the estate as a coheir with Mrs. Bivins.

It is not necessary to the present purpose to set forth all the contents of the petition. Its material allegations were, that the petitioner was entitled to one half of the estate; that Mrs. Bivins and her husband denied this right, were mismanaging the property and fraudulently making away with it so as to prevent the petitioner from obtaining his share of the same. Among other things, the petition prayed for an injunction and for the appointment of a receiver to take charge of the estate until the petitioner's rights could be duly established by a judgment in his favor. After the filing of the petition, Bivins was appointed administrator of Dr. Marvin's estate.

The answer denied the heirship of the petitioner; distinctly alleged the solvency of Mrs. Bivins and her ability to answer to any judgment the petitioner might obtain in the case should he prove to the satisfaction of the court that he really was an heir of Dr. Marvin; resisted the appointment of a receiver, and prayed that the estate might be duly administered and wound up by the administrator.

There was no proof of insolvency on the part of Mrs. Bivins; but on the contrary, the evidence tended to show that she was amply solvent. Besides, it appeared that a very large portion of the estate—probably more than half of it in value—consisted of property which it was not within the power of Mr. or Mrs. Bivins to put beyond the reach of a judgment of the court, especially after the filing of the petition and the pendency of litigation thereon. It also appears that it was a matter of dispute between the parties as to whether or not certain realty in the city of Atlanta was a part of Dr. Marvin's estate, or belonged to Mrs. Bivins in her own right.

The court appointed two receivers, with authority to take possession of all the property in controversy, except the Atlanta real estate; and as to that, granted an injunction restraining the defendants from disposing of the same.

1. It is well settled law in this State, that courts of equity have concurrent jurisdiction with the courts of ordinary in the administration of the estates of deceased persons, in all cases where equitable interference is necessary or proper to the full protection of the rights of the parties at interest. This undoubtedly was such a case, and therefore the superior court very properly took jurisdiction of it, and, under another well known equity rule, will retain the jurisdiction until the respective rights of the contending parties can be ascertained and adjudicated by a proper judgment or decree. It seems perfectly clear that the jurisdiction thus obtained by the superior court cannot be ousted merely because, after the petition was filed, an administration upon the estate was, for the first time, asked for or obtained. Indeed, this might have been a case for equitable interference even if an administrator had been appointed before the petition was filed; and certainly, when this had not been done, the superior court, which, by reason of its larger powers and in view of the numerous and complicated issues involved, is the better enabled to wind up and dispose of the estate, will not let go its hold on the parties and the subject-matters of dispute.

2. We think that, in any view of the matter, the order passed by the judge was unnecessarily broad and comprehensive, and operated too harshly upon the unquestioned rights of Mrs. Bivins. She was, beyond any doubt, entitled to one half of the estate and its income. By the order in question, she was deprived, so far as her interest in the estate was concerned, of everything—not even being left a home, or a single dollar for support.

This was going farther than was requisite for the fullest protection of the plaintiff, even granting that his claim of heirship was demonstrated. The property of the estate was such that it would have been comparatively easy, if a receiver was necessary at all, to put a portion of it in his hands; and every right of the petitioner could have been sufficiently protected by making such portion large enough in value to cover his half of the estate and the income thereof, in the event of a final judgment in his favor. No part of the income could be properly paid over to him until after the rendition of such a judgment; but we can see no good reason why Mrs. Bivins should have been kept out of the enjoyment and use of her half of the income. Again, she alleged her ample solvency, and introduced evidence strongly in support of this allegation, and there was no evidence to the contrary. While she did not, in her answer, distinctly offer to give a bond for the protection of the plaintiff, we think, under the circumstances, the order of the court should have been so framed as to allow her the alternative of doing so, instead of peremptorily and unconditionally directing a surrender of the property to the receivers. If such opportunity had been allowed, and the proper bond had been given, there would have been no need for a receiver at all. *Stillwell, Millen & Co. v. Savannah Grocery Co.*, 88 *Ga.* 100.

We do not think there is any necessity for again burdening the trial judge with a full hearing of the interlocutory matters involved in this case, and therefore have directed that, without hearing further evidence, the order already passed be so modified as to make the same conform to the rulings herein made.

*Judgment reversed, with direction.*