### STRICKLAND *v.* STRICKLAND.

GEORGE, J.   1. While under the Civil Code §§ 4073, 4074, the ordinary has the same jurisdiction and power as a court of equity to compel the administrator to account to the distributee, the concurrent jurisdiction of equity over the settlement of accounts of administrators is expressly retained by the Civil Code, § 4075. *Ewing* v. *Moses,* 50 *Ga.* 264; *Williams* v. *Lancaster,* 113 *Ga.* 1020 (39 S. E. 471).

2. "All actions against executors, administrators, guardians, or trustees, except on their bonds, must be brought within ten years after the right of action accrues." Civil Code (1910), § 4366.

3. Under the ruling in *Emmett* v. *Dekle,* 132 *Ga.* 593 (2), 598 (64 S. E. 682), the defendant as administrator of the estate of his intestate is a party defendant to the suit at bar.

4. Applying the foregoing, a petition in equity filed by a distributee against the administrator for an accounting and settlement, which alleged that the administrator fraudulently concealed the assets of the estate from the court of ordinary and had procured his appointment as administrator on the giving of a bond in a small sum, when in fact the assets of the estate amounted to several thousand dollars, had managed the estate for nearly five years, and had refused to account to petitioner for his distributive share in the estate and in large sums of money received by the administrator, which equitably belonged to the estate but had been applied to his personal use, was not open to demurrer on the grounds (*a*) that petitioner had a complete and adequate remedy at law; (*b*) that the cause of action was barred by the statute of limitations; and (*c*) that there was a nonjoinder of parties defendant.

5. All applications for continuance are addressed to the sound discretion of the court. In the instant case it does not appear that the discretion of the trial court in refusing a continuance was abused. *Rothleutner* v. *Bateman,* 144 *Ga.* 103 (86 S. E. 215).

6. The petition charged, among other things, that the defendant completely dominated and controlled the intestate in her lifetime, and by fraud and undue influence exerted over her had obtained possession of large sums of money belonging to her, which sums he fraudulently applied to his own use, and refused to account therefor to the estate of his intestate. On this issue the court admitted evidence to the effect that the defendant influenced and controlled his intestate's general conduct by threats of personal violence, by acts of violence, by abuse and ill treatment. *Held*, that this evidence was admissible over the objection that it was not warranted by the pleadings and was irrelevant and immaterial. 13 Enc. Ev. 236 (A), (B); cf. also Hartman *v.* Strickler, 82 Va. 225.

7. The errors assigned in the grounds of the motion for new trial, not herein specifically considered, are not such as to require a reversal of the judgment.     *Judgment affirmed.   All the Justices concur.*
No. 150.   DECEMBER 13, 1917.   REHEARING DENIED JANUARY 18, 1918.

.Equitable petition.   Before Judge Fite.   Gordon superior court. December 30, 1916.

*Starr & Paschall* and *Smith, Hammond & Smith,* for plaintiff in error.

*Mark Bolding* and *F. A. Cantrell,* contra.