MORRISON v. McFARLAND et al.

GEORGE, J. 1. Courts of equity have concurrent jurisdiction with courts of ordinary in the administration of estates of deceased persons, in all cases where equitable interference is necessary or proper to the full protection of the rights of the parties at interest. *Dean* v. *Central Cotton Press Co.,* 64 *Ga.* 670, 674; *Bivins* v. *Marvin,* 96 *Ga.* 268, 270 (22 S. E. 923).

2. "Where law and equity have concurrent jurisdiction, the court first

30

taking will retain it, unless a good reason can be given for the interference of equity." Civil Code (1910), § 4540.

3. "Equity will not interfere with the regular administration of estates, except upon the application of the representative, either, first, for construction and direction; second, for marshaling the assets; or upon application of any person interested in the estate, where there is danger of loss or other injury to his interests." Civil Code (1910), § 4596.

4. As a general rule, a court of equity will not interfere with the regular administration of an estate by the representative; and to authorize such interference, the facts must clearly show there is a good reason for so doing. *Moody* v. *Ellerbie,* 36 *Ga.* 666; *McArthur* v. *Jordan,* 139 *Ga.* 304 (77 S. E. 150).

5. In cases of real difficulty in construing wills, or in distributing assets, in ascertaining the persons entitled, or in determining under what law property should be divided, the personal representative of the estate may ask the direction of a court of equity; but direction of the court can not be invoked by the legatee or heir unless such direction is essential to the protection of the legacy or distributive share, or is necessary as a foundation for the recovery by the legatee or heir of his legacy or distributive share. Civil Code (1910), § 4597.

6. Accordingly, there was no error in dismissing on general demurrer a petition in equity filed by a legatee alleging, among other things, that no executor was named in the will; that petitioner was the temporary administratrix of the testatrix; that she applied to the court of ordinary for permanent letters of administration; that her application was caveated, and another legatee appointed administrator cum testamento annexo of the estate; that she entered her appeal from this judgment of the ordinary; that said appeal had not been disposed of; that the will disposed of a large estate consisting of both real and personal property; that there was no necessity for administration upon the estate; that in the event of an administration the petitioner's interest in the estate would be in danger of loss and injury; that the entire estate was in the hands of petitioner as temporary administratrix;—and praying that the trial of the appeal in the superior court be enjoined; that the assets of the estate be marshaled, certain of the realty be sold for the purpose of reimbursing petitioner for such sums of money as she had expended for costs, counsel fees, and for other purposes; and that the will be construed, and the estate distributed.

*Judgment affirmed. All the Justices concur.*

No. 277. DECEMBER 14, 1917.

Equitable petition. Before Judge Tarver. Walker superior court. February 19, 1917.

*Sizer, Chambliss & Chambliss* and *R. M. W. Glenn,* for plaintiff.

*Allison, Lynch & Phillips, W. H. Payne, G. F. Gober, W. I. Heyward,* and *L. H. Foster,* for defendants.