### CLEMENTS, executor, v. FLETCHER et al.

GILBERT, J. 1. Under the Civil Code (1910), § 4075, a court of equity is distinctly and in terms declared to have jurisdiction over the settlement of accounts of administrators. *Ewing* v. *Moses,* 50 *Ga.* 264, 266; *Strickland* v. *Strickland,* 147 *Ga.* 494 (94 S. E. 766); *Morrison* v. *McFarland,* 147 *Ga.* 465 (94 S. E. 569).

2. Equity will not interfere with the regular administration of estates, except upon the application of the representative, either, first, for construction and direction, second, for marshaling the assets, or upon application of any person interested in the estate where there is danger of loss to his interests. Civil Code (1910), § 4596.

3. Where law and equity have concurrent jurisdiction, the court first taking will retain it, unless a good reason can be given for the interference of equity. Civil Code (1910), § 4540; *Morrison* v. *McFarland,* supra.

4. It does not appear from the allegations of the petition in this case that the court of ordinary had assumed jurisdiction of any proceeding for the settlement of accounts of the executor, or for the adjudication of any of the relief for which the equitable petition prayed. The mere fact that there was a will, and that the defendant was named as executor under such will and had qualified as executor, is not sufficient to show that there was any proceeding in the court of ordinary against

him for a settlement of accounts. If it were otherwise, there could be no case where an executor had qualified or an administrator had been appointed in which a court of equity could take jurisdiction. Plaintiff in error cites *Morrison* v. *McFarland*, 147 *Ga.* 465 (supra), *Clay* v. *Coggins*, 148 *Ga.* 543 (97 S. E. 623), and *Gibbs* v. *Gibbs*, 151 *Ga.* 745 (108 S. E. 214), as authority for the contention that the demurrer should have been sustained in this case, because the court of ordinary had first taken jurisdiction and there were no grounds alleged sufficient for a court of equity to oust the jurisdiction of the court of ordinary. In all three of these cases it appears (in the first two this only appears in the record of file in this court) that there were proceedings pending in the court of ordinary seeking the same relief, or some part of the same relief sought by the petition in equity which this court held should have been dismissed on demurrer.

5. The special demurrers were either met by amendment to the petition or were without merit.

6. Under the Civil Code (1910), § 3896, it is provided that in equity the legatee may compel the executor to assent to his legacy.

7. The present suit is against not only the executor but the National Surety Company, which made the bond for the executor, seeking a judgment against both. The facts alleged in the petition were sufficient to set out a cause of action for some of the relief prayed, and therefore the court did not err in overruling the demurrers. *Lester* v. *Stephens*, 113 *Ga.* 495 (39 S. E. 109); *Williams* v. *Lancaster*, 113 *Ga.* 1020 (39 S. E. 471); *Strickland* v. *Strickland*, 147 *Ga.* 494 (supra).

<em>Judgment affirmed. All the Justices concur.</em>

No. 3074. OCTOBER 10, 1922. REHEARING DENIED NOVEMBER 25, 1922.

Equitable petition. Before Judge Eve. Irwin superior court. January 2, 1922.

John Fletcher et al., legatees under the will of John W. Fletcher, filed an equitable petition against James B. Clements, executor of the will mentioned, and National Surety Co., surety on his bond. One of the petitioners is not a legatee under the will, but claims as an assignee of the interest of a legatee. The prayers were for the removal of Clements as executor; for a settlement and distribution of the estate; for the appointment of a receiver for this purpose, and that the executor be restrained by injunction from altering the status of the estate.

The will was probated in common form, and Clements qualified as executor on May 10, 1917. The suit was instituted on June 27, 1921. The specific reasons alleged as cause for removal of the executor are: (1) that he made no return of his actings and doings as executor as required by law; (2) that he had received large sums of money, amounting in the aggregate to $40,000 or other large amount, in which petitioners were entitled to share, and

which was more than enough to pay all charges against the estate; (3) that the executor had assented to the legacies to three named persons, but declined to assent to the legacies to petitioners; (4) that he was in possession of the real estate belonging to said estate, consisting of several lots of land in Irwin County, which should go to petitioners (excluding certain specific bequests); that there was no indebtedness due by the estate at the time of the death of testator, and the only charge there could be against the estate was the inheritance tax, and there was no reason why this should not have been paid and the estate settled; that under the will the executor was given power to sell the land belonging to the estate, at public or private sale; that there was no reason why the same should be sold at the time of the filing of the petition, when prices were depressed and when the land would not bring its full value; that the executor had failed and refused to sell the property when the price was high. There was a prayer that it be divided in kind among petitioners, and that partitioners be appointed by the court for that purpose. There were also prayers that Clements be required to assent to the legacies to petitioners; that an accounting be had; that it be determined how much of the estate in the hands of the executor should go to petitioners; and that they have judgment against Clements and his bondsman.

The defendant demurred to the petition, because (*a*) No cause of action is set forth. (*b*) There is no equity in the petition, it appearing that the administration of said estate is pending in the court of ordinary of Irwin County, which has authority to grant all the relief sought, except the appointment of a receiver, and no reason is alleged why it would be necessary or proper for the superior court to appoint a receiver and grant injunction. (*c*) The allegations of the petition are insufficient to authorize a court of equity to take jurisdiction; it not being alleged that the defendant, as executor, has been guilty of any fraud, connivance, or other wrongful act, or that defendant and his surety are insolvent. (*d*) It is not alleged that all of the legatees under the will of John W. Fletcher are parties to the action, and it is apparent from the allegations of the petition that certain named persons interested in the result of the suit are not parties. (*e*) It is not alleged when, where, or how plaintiffs demanded settle-

ment of their distributive share of the estate. (*f*) It is not alleged when, where, or how the defendant has failed and refused to assent to the legacies of plaintiffs, nor that any request therefor has ever been made.

By amendment to the petition the plaintiffs added as parties defendant the persons mentioned in the demurrer; and alleged that the executor has been guilty of waste, in that he has permitted various persons to take from the land timber of the value of $1500 or other large sum; that he is holding said estate and without reason refusing to distribute it, and continuing to pay taxes, fees to attorneys, and premiums on bond, causing irreparable loss and damage to petitioners; that he has wasted and spent approximately one third of the estate and will spend and squander the whole estate unless the prayer for injunction and receiver be granted; that the executor has all the while kept the money belonging to the estate deposited to his credit in the Bank of Irwinville, of which he is president and a director, in an open checking account, that the bank has been loaning the same on its own account and collecting the interest, and the executor is therefore directly and indirectly interested in keeping the money in the bank in this manner; that petitioners have suffered and will continue to suffer loss and injury because of his failure to loan the money and collect interest thereon for the estate; that in violation of law the executor has purchased, in conjunction with a named person, certain of the property belonging to the estate; that notwithstanding the grant of a temporary injunction the executor has paid, from the funds belonging to the estate, $1000 to attorneys to represent him in said matter, that the same was unnecessary for the protection of the estate, was done arbitrarily, without any order of court and pursuant to the purpose of the executor to continue to litigate and to expend said estate in litigation in trying to prevent being forced to distribute it according to the terms of the will; that the executor owes the estate a note of $738.75, with interest for about six years, which he has failed to pay and will not pay so long as he is the executor; that the executor has made no effort to collect certain notes belonging to the estate; that he has sheared sheep belonging to the estate, sold the wool, and has failed to account for the same; and that the ordinary of Irwin County is closely related to the executor and

to some of the legatees named in the will, and is disqualified to act in connection with said estate, and the superior court should therefore assume jurisdiction.

The demurrer was overruled, and error was assigned.

*Wall & Grantham* and *Quincey & Rice,* for plaintiff in error.

*Rogers & Rogers, A. J. & J. C. McDonald,* and *Harris, Harris & Witman,* contra.