CALBECK *v.* HERRINGTON.

No. 7372.   FEBRUARY 11, 1930.

872

*M. B. Eubanks,* for plaintiff in error. *J. M. Lang,* contra.

HINES, J. 1. There is no misjoinder of parties defendant in a suit brought by a legatee and devisee against a person in her capacity as executrix and as an individual, for account and settlement with such legatee and devisee for her interest in the estate administered by such executrix, the executrix being a devisee under the will. The executrix in her individual capacity is a proper though not a necessary party.

2. In paragraph 8 of the petition it is alleged that the executrix collected a large amount of money from various sources, that she deposited over $11,000 in the Peoples Bank, which failed, but upon which deposit considerable dividends had been paid, that she col-

lected rents from the farm for several years, amounting to a large sum, and that she collected money from other sources which petitioner is unable to specifically itemize and allege. In the 3d ground of her demurrer the executrix alleges that paragraph 8 of the petition contains a mere conclusion of the pleader, states no issuable facts, and sets forth no reason why the plaintiff can not make a statement of the facts clearly and in detail. This ground of demurrer was to the petition as a whole.

(a) These statements of the petition are general allegations of fact, and not mere conclusions of the pleader.

(b) In an equitable proceeding to obtain an accounting, the plaintiff is not obliged to set out an itemized statement showing the amounts claimed, or to aver how much is due by the defendant upon an accounting; but all the petitioner in such a proceeding has to aver are facts sufficient to indicate that something will be found to be due to plaintiff by defendant. *Smith* v. *Hancock,* 163 *Ga.* 222 (5) (136 S. E. 52).

(c) A general demurrer goes to the whole pleading to which it is addressed, and should be overruled if any part thereof is good in substance. *Blaylock* v. *Hackel,* 164 *Ga.* 257 (5) (138 S. E. 333). This ground of demurrer is urged to dismiss the petition as a whole, and not to strike the paragraph mentioned therein.

(d) For the reasons above assigned, the court did not err in overruling this ground of demurrer to the petition as a whole, when, as we shall see, a part thereof is clearly good in substance.

3. The 4th, 6th, and 10th grounds of the demurrer are that plaintiff has an adequate and complete remedy at law, inasmuch as the ordinary has complete jurisdiction to require returns and a settlement of the accounts of the executrix, and there is no allegation in the petition why this remedy can not be invoked and why it would not be complete.

(a) Under the Civil Code (1910), § 4075, a court of equity is distinctly and in terms declared to have jurisdiction over the settlement of accounts of administrators. *Ewing* v. *Moses,* 50 *Ga.* 264, 266; *Morrison* v. *McFarland,* 147 *Ga.* 465 (94 S. E. 569); *Strickland* v. *Strickland,* 147 *Ga.* 494 (94 S. E. 766); *Clements* v. *Fletcher,* 154 *Ga.* 386 (114 S. E. 637); *Spooner* v. *Bank of Donalsonville,* 159 *Ga.* 295 (125 S. E. 456).

(b) Where law and equity have concurrent jurisdiction, the

court first taking will retain it. Civil Code (1910), § 4540; *Morrison* v. *McFarland, Spooner* v. *Bank of Donalsonville,* supra. The facts that there was a will, that the defendant was named as executrix thereof and had qualified as such, that she held money of the testator which came into her hands as executrix, and that she held unadministered real estate of the testator, are not sufficient to show that there was any proceeding in the court of ordinary against her for the settlement of her accounts. If it were otherwise, there would be no case where an executor had qualified, had converted the assets of the estate into cash, and held the same and unadministered real estate of the testator, in which a court of equity could take jurisdiction. *Clements* v. *Fletcher,* supra.

(c) Applying the principles above ruled, the court did not err in overruling these grounds of the demurrer.

4. In the 5th ground the defendant demurs to paragraph 9 of the petition, because the plaintiff has a complete remedy at law by application to the court of ordinary to require the defendant to come to a settlement of her accounts with her petitioner; and because said paragraph is vague, indefinite, and uncertain, and fails to set forth what amounts plaintiff has received from the executrix. Under the ruling just stated in division 3, the first portion of this ground of demurrer is ruled adversely to the defendant. The second and last portion thereof was cured by an amendment to the petition.

5. In the 7th ground the defendant demurs to all of the petition which seeks to have the court require bond of her, for the reason that the court of ordinary alone has jurisdiction to require a bond of an executrix.

(a) The ordinary, on his own motion, or upon the representation of any person in interest that an executor is mismanaging the estate or is about to remove from the State, may require such executor, after due notice and hearing, to give bond and security for the faithful execution of his trust; and on a failure to give bond when and as required, the ordinary may revoke his letters and appoint another representative for the estate. Civil Code (1910), § 3891; Acts 1791, Cobb's Dig. 309.

(b) In *Johns* v. *Johns,* 23 *Ga.* 31, this court held: "Executors are trustees, and are amenable to a court of chancery for the faithful discharge of their trust. Chancery has a concurrent jurisdiction

with the ordinary in holding them to security or removing them." This ruling was based upon the act of 1791, which appears in Cobb's Dig. 307 et seq. Clearly, under this ruling, where a legatee under a will brings an equitable proceeding to compel an executrix to settle with her and to turn over to her legacies or devises coming to her under the will, a court of equity has jurisdiction to require the executrix to give bond in a proper case; as a court of equity always seeks to do complete justice, and having the parties before it lawfully, it will proceed to give full relief to them in reference to the subject-matter of the suit, provided the court has jurisdiction for that purpose. Civil Code (1910), § 4522. See *Powell* v. *Hammond*, 81 *Ga.* 567 (4) (8 S. E. 426), where this court by a query expressed some doubt of the ruling there made.

(c) The question whether the petition makes a case for removal of the executrix is not raised by the demurrer, and is not now for decision.

6. In the 8th item of his will the testator devised to the petitioner, subject to certain conditions, an undivided fourth interest in his home place for and during her natural life, with remainder to her children living at the time of her death and to children of any deceased children that may die preceding her. By the 5th item of the codicil to his will the testator authorizes his executrix to sell his home place in her discretion, either at public or private sale, as she sees fit, and that the share of petitioner therein be taken by her in trust and in strict accordance with the provisions of his will as set forth in paragraph 8 thereof. The executrix was advertising the home place of the testator, the same being a farm, for sale under the power so conferred upon her. Petitioner alleges that there are no debts of the testator to be paid, that there is no necessity whatever existing for the sale of the home place of testator, that it is not a good time or season in which to sell a large farm for cash, that it will not bring anything like its true value, that the executrix is not acting in this matter in the interest of the estate or the devisees, but is seeking to bring about the sale of this place that she or her daughter may buy the same at a great sacrifice in price at a time when there is no market for the sale of farms and when nobody is desirous of purchasing them. Petitioner prays that the executrix be enjoined from selling this farm under the power conferred upon her in the codicil. In the 8th ground of her

demurrer the defendant demurs to all of the petition which seeks to enjoin her from making a sale of the lands of the testator, for the reason that his will clothes her with the power of sale in her discretion, and there is no allegation of abuse of her discretion.

This power of sale conferred upon the executrix is a naked one, and must be held to have been conferred for the purpose of enabling the executrix to sell the same for the payment of debts or for the distribution among the devisees. It would be an abuse of discretion for the executrix to exercise this power at an inopportune time for the sale of farm lands, when this was in no wise necessary for the payment of debts or for distribution among the devisees. The mere lodgment of a discretionary power of sale in an executor can not be exercised to destroy an essential quality of the estate devised to devisees under the will, when there are no debts of the testator to be paid, and no necessity of sale for the purpose of division among the devisees. This power of sale was given the executrix for administrative purposes alone; and the same can not be exercised by her unless such purposes require a sale. *Thomas* v. *Owens*, 131 *Ga.* 248, 257 (62 S. E. 218).

7. In the 9th ground of the demurrer the defendant alleges that "there are no allegations that defendant is insolvent, and none that plaintiff will suffer any damages." This ground is urged as one requiring a dismissal of the petition. The lack of these allegations does not make the petition subject to dismissal, the plaintiff being entitled to have the executrix render an account and to turn over to her the real estate devised to her, and to pay over the legacy given her under the will of the testator.

*Judgment affirmed. All the Justices concur.*