## GAINES *et al.,* executors, *v.* GAINES.

ATKINSON, J. 1. "As a general rule, a court of equity will not interfere with the regular administration of an estate by the representatives; and to authorize such interference, the facts must clearly show there is a good reason for so doing." *Morrison* v. *McFarland,* 147 *Ga.* 465 (4), 466 (94 S. E. 569); *Beck & Gregg Hardware Co.* v. *McKenzie,* 149 *Ga.* 699 (101 S. E. 806).

2. The allegation of the petition that the defendants "are both incompetent to handle said estate, and are not handling same to the best interests of the estate, but are manipulating same for their own personal interests," is the statement of a mere conclusion and insufficient as an allegation of fact.

3. The allegations of fact in the petition are insufficient, under the rule first above stated, to authorize equitable interference with the administration of the estate.

4. The judge erred in overruling the demurrer to the petition.

*Judgment reversed.   All the Justices concur, except Russell, C. J., and Hines, J., who dissent.*

No. 7588.   SEPTEMBER 13, 1930.

*J. M. Lang,* for plaintiffs in error. *Harris & Harris,* contra.

HINES, J., dissenting. This suit was brought by a residuary legatee against executors, to remove them, to require them to give bond if they were allowed to continue to administer the estate, to require them to file a complete return, said executors having made

no return for the past eight years, to require them to convert the residue of the estate into money and to disburse the same under the terms of the will; and for general relief. The principal purpose of the suit was to require the executors to settle with the legatee. The other relief prayed was in aid of this main purpose. The principle announced in the first paragraph of the decision is correct; but in my opinion it is not applicable under the facts of this case. The purpose of this proceeding was not to interfere with the regular administration of the estate by the executors, but it was brought for the purpose of securing its proper administration. There was no proceeding pending in the court of ordinary, requiring the executors to wind up and settle the estate. A court of equity has concurrent jurisdiction over the settlement of accounts of administrators. Civil Code (1910), § 4075. By express provision this principle is made applicable to executors. § 3892. The jurisdiction of the two courts in this respect is co-ordinate and equal, and has ever been so in this State. The jurisdiction conferred upon the court of ordinary in the management and distribution of estates does not oust the jurisdiction of equity in matters of settlement. *Dean* v. *Central &c. Co.,* 64 *Ga.* 670, 674. "Where law and equity have concurrent jurisdiction, the court first taking will retain it, unless a good reason can be given for the interference of equity." Civil Code (1910), § 4540; *Morrison* v. *McFarland,* 147 *Ga.* 465 (supra). Where the court of ordinary first takes jurisdiction, equity will not interfere unless a good reason can be given for such interference; but the jurisdiction of equity over the settlement of estates does not depend upon the fact that a settlement can not be secured in the court of ordinary. As we have seen, both courts have co-ordinate jurisdiction over the settlement of accounts, and the court which first takes jurisdiction can maintain it. Where equity first entertains a proceeding for a settlement, this excludes the court of ordinary from acting in the matter. So in *Clements* v. *Fletcher,* 154 *Ga.* 386 (114 S. E. 637), this court held: "It does not appear from the allegations of the petition in this case that the court of ordinary had assumed jurisdiction of any proceeding for the settlement of accounts of the executor, or for the adjudication of any of the relief for which the equitable petition prayed. The mere fact that there was a will, and that the defendant was named as executor under such will and had qualified

as executor, is not sufficient to show that there was any proceeding in the court of ordinary against him for a settlement of accounts. If it were otherwise, there could be no case where an executor had qualified or an administrator had been appointed in which a count of equity could take jurisdiction."

"Executors are trustees, and are amenable to a court of chancery for the faithful discharge of their trust. Chancery has a concurrent jurisdiction with the ordinary in holding them to security or removing them." *Johns* v. *Johns, 23 Ga.* 31; *Calbeck* v. *Herrington,* 169 *Ga.* 869, 874 (152 S. E. 53). "Under the Civil Code (1910), § 4075, a court of equity is distinctly and in terms declared to have jurisdiction over the settlement of accounts of administrators. *Ewing* v. *Moses, 50 Ga.* 264, 266; *Morrison* v. *McFarland,* 147 *Ga.* 465 (94 S. E. 569); *Strickland* v. *Strickland,* 147 *Ga.* 494 (94 S. E. 766); *Clements* v. *Fletcher,* [supra]; *Spooner* v. *Bank of Donalsonville,* 159 *Ga.* 295 (125 S. E. 456)." *Calbeck* v. *Herrington,* supra. It is not necessary that a petition brought by a legatee against an executor for the settlement of his accounts allege facts going to show that the remedy in equity is more complete than his remedy in the court of ordinary for citing the executor to a settlement. Even if the remedy of the legatee for citing the executor to a settlement in the court of ordinary should be as full and complete as that afforded the legatee in a court of equity, this would not shut off the legatee from proceeding in a court of equity, where no citation for settlement had been brought by the legatee against the executor in the court of ordinary. Even though the legatee can cite the executor for a settlement in the court of ordinary, still the legatee can proceed in a court of equity. Whenever citation for settlement would lie in the court of ordinary, the legatee can bring an equitable proceeding to compel the executor to account to him for his legacy, if no proceeding had already been instituted in the court of ordinary. Otherwise a court of equity would not have concurrent jurisdiction over the settlement of accounts of executors. The resort to equity is not conditioned upon the fact that the remedy in the court of ordinary is not as full and complete as the remedy in equity. A resort can be had to equity although the remedy in the court of ordinary is as full and complete as in a court of chancery.

The provision of section 4596 of the Civil Code, that "Equity

will not interfere with the regular administration of estates, except upon the application of the representative, either, first, for construction and direction; second, for marshaling the assets; or upon application of any person interested in the estate, where there is danger of loss or other injury to his interests," does not preclude a legatee from proceeding in equity to compel the executor to settle his accounts and to turn over to him his legacy. The doctrine of the above section applies only where you undertake to interfere with the regular administration of the estate by the executor; and in such a case it must be shown that the regular administration of the estate would deprive the complaining party of some equitable right. *Moody* v. *Ellerbie,* 36 *Ga.* 666. In *McArthur* v. *Jordan,* 139 *Ga.* 304 (77 S. E. 150), the equitable petition was brought to enjoin the grant of administration upon an estate, for the reason that there was no necessity for the administration. The distinction between equitable interference with the regular administration of an estate, and the right of a legatee to bring against the executor an equitable petition for settlement of his accounts, is not always borne in mind; and this failure brings about confusion.

I can not agree to the ruling made in the second paragraph of the opinion. In the absence of a special demurrer attacking the allegations of the petition, these allegations were sufficient, and not mere conclusions of the pleader. But if they were mere conclusions and were insufficient as allegations of fact, this would furnish no reason for dismissing the petition, which otherwise made a case against the executors for a settlement of their accounts, and for the recovery of the legacy of the legatee.

For these reasons I can not agree to the conclusion reached in the opinion. In my opinion the judgment of the court overruling the demurrer to the petition was proper and should not be set aside. RUSSELL, C. J., concurs in this dissent.