TERRY *v.* CHANDLER *et al.*

No. 8086.  MAY 14, 1931.

*F. L. Breen* and *A. E. Wilson,* for plaintiff.

*B. H. Burgess,* for defendants.

HINES, J. (After stating the foregoing facts.)

■ The grounds of demurrer are leveled against the petition as a whole. Where the allegations of a petition are sufficient to set out a cause of action for some of the relief prayed, it should not be dismissed upon grounds of demurrer which are leveled at the petition as a whole. *Lester* v. *Stephens,* 113 *Ga.* 495 (39 S. E. 109) ; *Williams* v. *Lancaster,* 113 *Ga.* 1020 (39 S. E. 471) ; *Strickland* v. *Strickland,* 147 *Ga.* 494 (94 S. E. 766) ; *Clements* v. *Fletcher,* 154 *Ga.* 386 (114 S. E. 637). A general demurrer to the petition as a whole should be overruled if any part thereof is good in substance. *Blaylock* v. *Hackel,* 164 *Ga.* 257 (138 S. E. 333) ; *Calbeck* v. *Herrington,* 169 *Ga.* 869, 873 (152 S. E. 53).

■ In his petition the plaintiff seeks to have an accounting from Mamie Chandler, individually and as executrix of the estate of D. P. Chandler, for the share coming to his deceased daughter Margaret Terry, from the estate of said testator, and for an accounting from Mamie Chandler as administratrix of Margaret Terry, his deceased daughter, for his share in her estate, this daughter having died intestate, unmarried and without issue. D. P. Chandler by his will gave to Mrs. Terry a one-fourth part in his estate. She died before the death of the testator. She left sur-

viving two children by petitioner. The legacy to her having lapsed by her death before the death of the testator, the interest in the estate given to this daughter, the same being absolute and without remainder or limitation, and this daughter having left issue living at the death of the testator, vested in such issue as if inherited directly from the deceased grandfather. Civil Code (1910), § 3906. When Margaret Terry died intestate, leaving neither spouse nor issue, but leaving her father, the petitioner, and a sister, as her sole heirs at law, petitioner and such sister became entitled to any estate to which the deceased daughter and sister was entitled, either in right of her mother under the will of her grandfather or in her own right. The executrix of D. P. Chandler having never accounted to this deceased daughter of petitioner for her share in the estate of such testator, and afterwards having become administratrix of such daughter, a double accounting is sought by petitioner to ascertain what he was entitled to recover as one of the heirs of his deceased daughter. The administratrix of the deceased daughter would be liable to petitioner for whatever amount she was due as such executrix to her intestate under the will of such testator. Not having accounted as executrix to her intestate for the share coming to her under the will of her grandfather, an accounting would be necessary to ascertain how much she was so due for which she was chargeable as administratrix of the deceased daughter of petitioner, and an accounting was necessary to ascertain what amount was due by Mamie Chandler, as administratrix of the intestate daughter of petitioner, to him as an heir at law of her intestate.

■ Is petitioner entitled to recover in equity from the administratrix of his deceased daughter, and as one of her heirs, his distributive share in her estate? It is insisted by counsel for the defendants that such proceeding will interfere with the regular administration of these estates, and that this is prohibited by section 4596 of the Civil Code, which declares that "Equity will not interfere with the regular administration of estates, except upon the application of the representative, either, first for construction and direction, second for marshaling the assets; or upon application of any person interested in the estate, where there is danger of loss or other injury to his interests." Of course this case does not fall within the first two exceptions mentioned in the section cited. It

is urged, however, that it does not come within the last exception mentioned in this section, for the reason that the petition alleges no facts going to show that there is danger of loss or other injury to the interest of the petitioner. This section must be construed with section 4075, which declares that "A court of equity shall have concurrent jurisdiction over the settlement of accounts of administrators." A proceeding brought against an administrator or executor and for a settlement by an heir at law or legatee is not such interference with the regular administration of estates as is denounced by section 4596. The jurisdiction of a court of ordinary and a court of equity in respect to bringing proceedings for an account and settlement is co-ordinate and equal, and has always been so in this State. The jurisdiction conferred upon the court of ordinary in the management and distribution of estates does not oust the jurisdiction of equity in matters of settlement. *Dean* v. *Central Cotton Press Co.*, 64 *Ga.* 670. Where law and equity have concurrent jurisdiction, the court first taking will retain it. If the court of ordinary has first taken jurisdiction, that court will retain it unless good reason can be given for the interference of equity. Civil Code (1910), § 4540; *Morrison* v. *McFarland*, 147 *Ga.* 465 (94 S. E. 569). As we have seen, both courts have co-ordinate and equal jurisdiction over the settlement of accounts of executors and administrators, and the court which first takes jurisdiction can maintain it. Where equity entertains a proceeding for an accounting and settlement, this excludes the court of ordinary from acting in the matter. So in *Clements* v. *Fletcher*, supra, this court said: "It does not appear from the allegations of the petition in this case that the court of ordinary had assumed jurisdiction of any proceeding for the settlement of accounts of the executor, or for the adjudication of any relief for which the equitable petition prayed. The mere fact that there was a will, and that the defendant was named as executor under such will and had qualified as executor, is not sufficient to show that there was any proceeding in the court of ordinary against him for a settlement of accounts. If it were otherwise, there could be no case where an executor had qualified or an administrator had been appointed in which a court of equity could take jurisdiction." "Executors are trustees, and are amenable to a court of chancery for the faithful discharge of their trust. Chancery has a concurrent jurisdiction with the ordinary" in such

matters. *Johns* v. *Johns,* 23 *Ga.* 31; *Calbeck* v. *Herringlon,* supra. In *Clements* v. *Fletcher,* supra, this court held that "Under the Civil Code (1910), § 4075, a court of equity is distinctly and in terms declared to have jurisdiction over the settlement of accounts of administrators," citing *Ewing* v. *Moses,* 50 *Ga.* 264, *Morrison* v. *McFarland,* and *Strickland* v. *Strickland,* supra. A court of equity has concurrent jurisdiction with the ordinary over the settlement of accounts of administrators and executors; and the court first taking jurisdiction will retain it. *Spooner* v. *Bank of Donalsonville,* 159 *Ga.* 295 (125 S. E. 456).

So we are of the opinion that the petition, in so far as it seeks to compel the administratrix of the deceased daughter of petitioner to account and settle with him for his share in the estate of this intestate, set out a good cause of action. Instead of interfering with the regular administration of estates, the petition sought to enforce due and regular administration thereof, and to have the administratrix pay over to petitioner his share in the estate of his deceased daughter. As the petition sets out a good cause of action for an account and settlement, it should not have been dismissed as a whole upon the grounds of demurrer presented.

Counsel for the defendants insist that this case falls within the principle announced in *McArthur* v. *Jordan,* 139 *Ga.* 304 (77 S. E. 150), *Morrison* v. *McFarland,* supra, *Clay* v. *Coggins,* 148 *Ga.* 543 (97 S. E. 623), and *Gibbs* v. *Gibbs,* 151 *Ga.* 745 (108 S. E. 214). In the first of these cases the complainant sought to enjoin administration of the estate of a decedent, and to recover an interest or share in the estate. Here there was direct interference with the administration of the estate. The three cases last cited were distinguished and shown not to conflict with any ruling in this case, in *Clements* v. *Fletcher,* supra.

■ Petitioner likewise sought to have a receiver appointed to take charge of the estate of his intestate daughter, to have the same partitioned either in kind or in money, and to enjoin Mamie Chandler from further acting as administratrix and executrix of these two estates, saving and excepting for the purpose of the accounting prayed for by him. In this respecct petitioner sought to interfere with the regular administration of these estates; and under section 4596 of the Civil Code of 1910 this can not be done, unless petitioner allege facts showing that there is danger of loss

or other injury to his interest unless such receiver be appointed and such injunction be granted. A receiver should not be appointed to take the assets out of the hands of the legally appointed representatives, and they should not be enjoined from further administering the estate committed to their care, except in cases of manifest danger of loss or destruction or material injury to the assets. *Thompson* v. *Thompson,* 171 *Ga.* 185 (154 S. E. 889). If the defendants had demurred to the portions of the petition which prayed for the appointment of a receiver and the grant of an injunction, and had not demurred to the petition as a whole upon the ground that it set forth no cause of action for equitable relief, and the trial judge had made a ruling upon such specific demurrer to the petition, we would then be called upon to decide whether his ruling was erroneous and required a reversal. As the defendants attacked the petition as a whole upon the ground that it did not set forth any case for equitable relief, and as we have held that it did set forth a good case for equitable accounting, the only question presented for our consideration is whether the trial judge erred in dismissing the petition as a whole upon this ground of demurrer. In these circumstances we do not think that the judgment should be sustained because the petition did not set out a case for the appointment of a receiver and the grant of an injunction as prayed by the plaintiff. No specific ruling having been made by the trial judge upon this ground, we do not rule on it.

*Judgment reversed. All the Justices concur.*