ROBINSON, administratrix, *v.* GEORGIA SAVINGS BANK AND TRUST COMPANY; *et vice versa.*

Nos. 12106, 12107.  MARCH 9, 1938.

690

*Madison Richardson* and *Dorsey, Stubbs & Dorsey,* for plaintiff in error.

*Arnold, Gambrell & Arnold,* contra.

JENKINS, Justice. ■ One of the residuary legatees of a will sued the executor for an accounting and a recovery of the plaintiff's share of specific items claimed; and for an injunction, as to the granting of which no exception was taken. Under the will the residuary estate was left to the grandchildren of the testatrix, the children of her three daughters, per stirpes, with a conditional devise to the effect that the children of her son receive a fourth share, if, at or before the time his oldest child became of age, he repay a $19,000 debt due to the testatrix; and if he did not, that any amount then unpaid "be deducted from and charged against the share which is going to his children under this will." The will directed the executor "to pay over to each grandchild its proportionate share upon its becoming 21 years of age," and to "control and manage said rest and residue of my estate for the benefit of my said grandchildren," with full power and authority to sell all or any part of the estate at public or private sale, and to "continue so to do as long as my estate is not completely administered." The executor was further authorized in its discretion to apply the income from the share going to any child to maintenance, education, and support before majority; and also, in case of necessity, to any parent of the grandchildren. It was further provided: "I hereby . . relieve my executor from giving bond and making any official return, but request that it furnish to each of my four children an annual statement showing the administration of my estate." The petition alleged that the plaintiff became twenty-one years old on November 23, 1932; that he was one of the two children of a daughter of the testatrix, and was entitled to half of one third of the residuary estate; that the executor qualified on September 9, 1921; that it was its duty to sell the real estate and reinvest the proceeds in securities authorized by statute within one year after qualification as executor and within a reasonable time; that the defendant was liable for the lost value of the real estate as of September 10, 1922, the end of the first year of administration, on account of the then greatly enhanced value and the subsequent depreciation; that the defendant was liable for the value of a promissory note, on account of its failure to make collection; and that it was liable for the proceeds of sale of corporate stock and stock dividends. In addition to an accounting, a total judgment of $11,166.38 and interest was prayed for, rep-

resenting one half of one third, instead of one half of one fourth, of the residuary estate, which the plaintiff claimed as one of the two children of one of the four children of the testatrix, and including the alleged values of the items mentioned and all other assets as of the date stated, after deducting certain itemized alleged proper disbursements, debts, and special legacies. By general and special demurrers the defendant attacked particularly the claim on account of the alleged loss in value of the real estate and other items, and the claim of one sixth instead of one eighth of the residuary estate.

(a) The will made no devise or bequest to the defendant company as trustee, but, after designating it as executor, provided that "my executor shall control and manage said rest and residue of my estate;" that its authority to sell at public or private sale and on such terms as it might think best "continue . . as long as my estate is not completely administered and wound up;" that "my said executor is directed to pay over to each grandchild its proportionate share upon its becoming 21 years of age;" and that, without the duty of giving bond or making any official return, "my executor . . furnish to each of my four children an annual statement showing the administration of my estate." While these provisions vested the executor with broad discretionary powers, contemplating duties to be performed as executor beyond the period of one year from its qualification, such powers and duties were not conferred upon it as trustee. Any liability for failure to sell the real estate arose, therefore, as executor, and not as trustee. While an executor or administrator can not invest funds of the estate in lands, unless authorized by the will or by order of the superior-court judge in term or vacation (Code, § 113-1517), he is not required or authorized to sell real estate except where it is necessary for the purpose of paying the debts or making distribution otherwise than in kind. *Patterson* v. *Fidelity & Deposit Co.,* 181 *Ga.* 61, 64 (181 S. E. 776, 106 A. L. R. 425) ; *Williams* v. *First National Bank of Atlanta,* 181 *Ga.* 38 (181 S. E. 225) ; *Calbeck* v. *Herrington,* 169 *Ga.* 869, 875 (152 S. E. 53). The will did not *require* the executor to sell the real estate. If a sale became necessary for distribution, no duty for that purpose was in any event created until it became necessary to sell so as to pay the minor residuary legatees as they respectively became of age and then en-

titled to their shares. The petition shows that the plaintiff did not become of age until November 23, 1932. The legacy of a one-fourth interest in the residuary estate to the children of the son of the testatrix was conditioned on the value of that interest exceeding his at the time his oldest child became of age, if the debt then remained in whole or part unpaid; and until that time it could not be determined by the executor whether the children of each of the daughters would receive, per stirpes respectively, one third or one fourth of the estate. The petition failed to allege when the oldest child of the son became or would become of age; and this date, March 5, 1937, appeared only from a subsequent stipulation in the record. The petition charged negligence only in the failure to sell the real estate within the year after qualification on September 9, 1921, or a "reasonable time" after qualification, and charged no negligence on account of any failure to sell so as to make distribution to the plaintiff under the will when he became of age in 1932, and charged no loss of value in the real estate at any time prior thereto other than as stated; and showed no liability of the defendant as executor because of any failure to sell the real estate.

(b) While any such liability of the defendant must be predicated upon its duties as executor, and not as trustee, even if the language of the will could be construed as impliedly making the defendant a trustee and as creating in it a devise in trust, still the allegations of the petition were insufficient to charge the defendant as such a trustee. "All property, both real and personal, being assets to pay debts, no devise or legacy passes the title until the assent of the executor is given to such devise or legacy." Code, § 113-801. Even where the same person is expressly or by implication made trustee as well as executor, the administration of the executor does not end until there is a delivery, express or implied, to the trustee, upon assent of the executor, express or implied, to the legacy in trust. Redfearn on Wills, 365, and cit. The petition failed to show that at or before the time when the defendant is sought to be held liable for failure to sell the real estate it had expressly or impliedly assented to any legacy in trust to itself as trustee, or had as trustee taken over the legacy; or even whether, at the time referred to, the duties of the executor in the payment of debts and collection of assets had been completed, so that an

assent by it to the residuary legacies would have been proper. Both for this reason, and for the reason above stated, that the defendant held the real estate as executor and not as trustee, this case is not controlled by the holdings in *Clark* v. *Clark,* 167 *Ga.* 1 (3, *a*) (144 S. E. 787), that a *trustee* can invest trust funds only in securities authorized by statute or the trust instrument, and that a *testamentary trustee* otherwise has no power to retain an investment received from the estate of the testator.

(*c*) But even though the petition showed no liability as to the items claimed with reference to the real estate, the general demurrer was properly overruled, if the facts alleged entitled the plaintiff to any of the substantial relief prayed. *Arteaga* v. *Arteaga,* 169 *Ga.* 595 (4) (151 S. E. 5). "A court of equity" having "concurrent jurisdiction with the ordinary over the settlement of accounts of administrators" (Code, § 113-2203), the court first taking will "retain it, unless a good reason shall be given for the interference of equity" (§ 37-122). "A proceeding in equity for such settlement is not an interference with the regular administration of the estate within the meaning" of § 37-403. *Terry* v. *Chandler,* 172 *Ga.* 715 (3) (158 S. E. 572). The mere qualification and the filing of annual returns by an executor in the court of ordinary do not constitute a proceeding for a "settlement of his accounts," with judgment enforcing the settlement, as provided by the Code, §§ 113-2201, 113-2202, and would not preclude the superior court from taking jurisdiction of a subsequent petition by a residuary legatee for an accounting and settlement against the executor. The averments and prayers of the petition for "a full and complete accounting" as to the assets of the estate, including items other than the value of the real estate, were not subject to general demurrer. *Walker* v. *Morris,* 14 *Ga.* 323 (4, 5), 325; *Johns* v. *Johns,* 23 *Ga.* 31, 35; *Ewing* v. *Moses,* 50 *Ga.* 264 (2), 265; *Dean* v. *Central Cotton-Press Co.,* 64 *Ga.* 670, 674; *McGowan* v. *Lufburrow,* 82 *Ga.* 523, 530 (9 S. E. 427, 14 Am. St. R. 178); *Williams* v. *Lancaster,* 113 *Ga.* 1020 (39 S. E. 471); *Strickland* v. *Strickland,* 147 *Ga.* 494 (94 S. E. 766); *Calbeck* v. *Herrington,* supra; *Howard* v. *Boone,* 170 *Ga.* 156 (152 S. E. 462). Part of the relief prayed being proper, the court did not err in overruling the general demurrer to the entire petition.

■ Under the Code, § 113-2201, "any person interested as  . .

legatee" may cite an administrator or executor for a settlement, and such representative, if he "chooses," may cite "all of the distributees to be present at the settlement of his accounts." To have such an accounting as to himself, however, one legatee may proceed without joining other legatees as parties; and the representative is not required, unless he so desires for his own protection, to make the other legatees parties to the proceeding. *Harrell* v. *Warren*, 105 *Ga.* 476 (2) (30 S. E. 426); *Hanvy* v. *Moore*, 140 *Ga.* 691 (79 S. E. 772). Therefore the petition was not subject to demurrer on the ground that the other legatees were not made parties.

■ "The character in which a party is sued may be determined from the substance of the allegations of the petition, considered in its entirety." *Wallace* v. *Wallace*, 142 *Ga.* 408 (83 S. E. 113), and cit. The amended petition as a whole showing that the plaintiff sought to charge the defendant, not only with liability individually for failure to perform its duties as executor in a sale of the real estate and the collection of a promissory note, but with liability for an accounting and judgment against it as executor for the proper distributive share of the estate due to the plaintiff as a residuary legatee, the petition was not subject to demurrer on the ground that the defendant in its representative capacity was not made a party. Furthermore, the question, being a matter for special demurrer, was not raised until nearly three years after the defendant had filed its answer, setting forth its due administration of the estate as executor, and even though, as the auditor found, the defendant "during the pendency of the case . . sought direction of the court and relief as executor, which was granted on consent of the parties."

■ In the order of the court, overruling all of the general and special demurrers to the petition, it was held that the allegations were sufficient "to authorize and require an accounting." The auditor to whom the case was referred found in effect that the defendant was required to sell the real estate within twelve months after its qualification; that this was a "reasonable time;" that the son of the testatrix, who owed the $19,000 to the estate, had not paid the debt, and while the time for deduction of this amount from the share of his children, on the date when his oldest child became of age, as provided by the will, had not arrived, one fourth

of the value of the estate was less than the amount of the debt; and therefore, since no share of the estate would go to the children of the son, the plaintiff, as one of the two children of one of the three daughters of the testatrix, was entitled to a one-sixth instead of one eighth of the residuary estate; that the executor was chargeable with $39,900, the value of the real estate when it should have been sold in September, 1922, one year after qualification of the executor; that it was not guilty of negligence for failure to collect a $2,000 note due to the testatrix; that it was chargeable with $2,700 dividends received from corporate stock and $11,250 , proceeds of the sale of such stock in 1930; that it was liable for these amounts as stated and other cash receipts as stated, less "disbursements . . allowable as of September 10, 1922;" and that the plaintiff was entitled to one sixth of the net difference, $16,-114.77 and interest. There was no exception by the defendant to the finding that it was chargeable with the items of stock dividends and proceeds. To other findings of law and fact both parties excepted to the respective adverse findings. The court submitted to a jury these exceptions of fact; directed a verdict for the plaintiff on the exception to the finding that the plaintiff was entitled to one sixth instead of one eighth of the residuary estate, by eliminating the share of the children of the son of the testatrix; in effect charged that the defendant was required to sell the real estate within a "reasonable time," and submitted to the jury the question whether one year after qualification was a reasonable time; refused the defendant's request to charge that the executor was not required to sell the real estate within the year; and submitted the question as to whether the defendant was negligent in failing to collect the promissory note. The jury found in favor of the defendant on all of the submitted exceptions to the auditor's report, save that it found, as directed by the court, that plaintiff was entitled to one sixth of the residuary estate; and save that it found the defendant liable for failure to collect the promissory note. It was finally decreed that plaintiff recover $785.89, one sixth of the value of the promissory note and interest; that the defendant was not liable for failure to sell the real estate in 1922; that the findings of the auditor as to the amounts of accounting for receipts and disbursements as of September, 1922, be set aside; that "there are no other items of damages assessed by the auditor

against the defendant," additional to the $785.89 recovered under the verdict, reversing the auditor's finding as to that item; that in addition to that item the plaintiff was entitled "to a one-sixth distributive share in the residue of the estate, credits to the executor being chargeable against the plaintiff and deductible from his share for sums heretofore paid to him or for his benefit out of said residue as defined by the will, and deductions being allowable before distribution for expenses of administration and payment of debts;" and that "the injunction be dissolved, and the defendant is permitted to proceed with the distribution in the court of ordinary."

After the verdict the plaintiff moved to recommit the case to the auditor to take evidence and make findings as to when a "reasonable time" occurred within which the defendant was required to sell the real estate, and as to what was the value of the real estate and loss at that time. The court denied the motion. In a motion for new trial the plaintiff assigned error on rulings adverse to him. By direct bill of exceptions he assigned error on the refusal of a new trial, to parts of the decree and previous rulings adverse to him, and to the denial of his motion to recommit the case. The defendant made no motion for new trial. In a cross-bill of exceptions it assigned error on its exceptions pendente lite to the overruling of its demurrers to the petition; and excepted to rulings in the trial on the exceptions to the auditor's report relative to the sale of the real estate, and to other adverse rulings of the court in matters on which the verdict and final decree were in its favor. It also excepted to part of the verdict and final decree for an item found in favor of the plaintiff, upon grounds hereafter stated and dealt with. The brief of evidence contains a stipulation of the parties, showing that the eldest child of the son of the testatrix did not become of age until March 5, 1937, after the auditor's report and the taking of the evidence on which the case was tried, which failed to show whether at the date of such majority the whole or any part of the son's debt had been paid, or what at that time was the value of the one-fourth conditional interest of his children. The stipulation further showed that the other legatee grandchildren reached majority on different dates from January 28, 1925, to March 18, 1936; the youngest of the children of the son, one of the conditional legatees, becoming

of age December 7, 1939. In its answer the defendant set up its receipt of $47,104.98 in cash, its disbursement of $43,250.30, a cash balance of $789.27, and its holding of personalty of the value of $3,065.41, and all of the real estate, "subject to administration in accordance" with the terms of the will. While the will expressly relieved the executor from making bond and official returns, and directed only that it furnish each of the four children of the testatrix with an "annual statement showing the administration," the record contains copies of annual returns of receipts and disbursements, filed by the defendant as executor for each year from the beginning of the administration to the filing of the suit. Under the preceding ruling on the demurrers to the petition as to liability for failure to sell the real estate, the defendant was not chargeable with such items of damage alleged and prayed in the petition. While therefore it was error to refuse the request of the defendant to charge the jury that it was not required to sell the real estate within one year after qualification, such error was harmless, since, on the submitted question of "reasonable time," the jury in effect found that the defendant was not liable at all for this item of damage.

■ It was error to direct a verdict for the plaintiff and to decree in his favor that he was entitled to one half of one third, or a one-sixth interest in the residuary estate. It could not be determined until March 15, 1937, when the eldest child of the son of the testatrix became twenty-one, whether the debt of the son would be paid in whole or in part, and, if not, whether the value of the one-fourth interest going conditionally to his children would then exceed the amount of the debt, so as to determine whether the shares going to the children of the daughters, per stirpes, would each be one fourth or one third of the residuary estate. The report of the auditor having been filed, and the evidence having been taken before March 15, 1937, and thus necessarily failing to show the facts necessary for such a determination, a re-examination of these facts and a determination therefrom by the trial court of this question is necessary, so as to find whether the plaintiff would be entitled to the one sixth claimed or only one eighth.

■ Under the preceding ruling that the court did not err in holding that the plaintiff was entitled to a full and complete accounting, as prayed, for items excluding the value of the real

estate, and under the finding of the auditor, to which no exception was taken, that the defendant was chargeable with the stock dividends and proceeds received by it, and under the admission in the answer that the defendant held cash and personalty in the amounts stated subject to the terms of the will, it was error in the final decree not to provide that the plaintiff recover his distributive share of the cash and personalty, less proper expenditures, and error to limit the recovery of the plaintiff to his share of the value of the uncollected promissory note, and to relegate him to the court of ordinary for a completion of the accounting and settlement prayed. The superior court, as one of equity, had jurisdiction to render full and complete relief, including a sale of the real estate, if necessary and proper for distribution, at such time or times and in such manner as to conserve the interests not only of the plaintiff but of other legatees, not parties to this case, and to protect all against any sale for an inadequate price. See *Adams* v. *Adams,* 113 *Ga.* 824, 827 (39 S. E. 291); *Wheeler* v. *Horne,* 136 *Ga.* 486 (1, 3) (71 S. E. 901); *Williams* v. *Lancaster,* supra.

■ Under the preceding rulings as to the alleged liability for failing to sell the real estate, the court properly denied the motion of the plaintiff to recommit the case to the auditor to determine when a reasonable time for such sale occurred, and what was the value of the property and the amount of the loss as of that time.

■ Dealing with the defendant's exceptions with regard to the item found in its favor in the verdict and final decree: while the jury, in the trial of the equity case on exceptions to the auditor's report, found for the defendant as to certain exceptions, it found for the plaintiff on one of the items sued for, the value of a promissory note. A final decree was entered in favor of the parties respectively as to these matters. The plaintiff, in his motion for new trial, excepted to rulings in the matters found against him in the verdict. In connection with these exceptions he filed a brief of the evidence, which, as he concedes, contained none of the evidence relating to the item found in his favor. In the main bill of exceptions the plaintiff excepted to the refusal of a new trial. The judge certified that the main bill "contains all of the evidence and specifies all of the record material to a clear understanding of the errors complained of" in such main bill. The defendant, without a motion for new trial, brought a cross-bill of exceptions, in which

it not only excepted to adverse orders and rulings relating to the matters found in its favor in the verdict and decree, but also excepted to the part of the verdict and decree in which the plaintiff recovered one money item, on grounds that such recovery was unauthorized by the evidence, and that the charge of the court thereon was unauthorized by the evidence. The cross-bill of exceptions specified to be brought up, as material to an understanding of the errors complained of in the cross-bill, the parts of the record "specified by the plaintiff" in the main bill. The judge certified that the cross-bill "specifies all of the evidence and specifies all of the record material, in addition to that specified in the main bill of exceptions, to a clear understanding of the errors complained of" in the cross-bill.

A cross-bill of exceptions is a remedy provided for the successful party in a verdict and judgment to have reviewed adverse rulings made during the trial, "in the event his adversary is successful in obtaining a judgment in the Supreme Court which in its effect leaves the case to be tried again in the trial court." *Planters &c. Fire Asso.* v. *DeLoach,* 113 'Ga. 802, 807 (39 S. E. 466); Code, § 6-901. It is not the function of the cross-bill to review previous rulings adverse to the plaintiff in error in the cross-bill, where the *verdict and judgment* based on such adverse rulings were also adverse to such plaintiff in error. In such a case, an independent bill of exceptions is the proper remedy. "The cross-bill of exceptions . . could properly assign error only upon such rulings of the court as were adverse to [the plaintiff in error] *and related to the particular judgment which the court finally rendered in [his] favor, and which is complained of by the opposite party in the main bill of exceptions;* this in order that the rulings so made by the court adversely to [him] may be corrected for [his] benefit in the next trial, if a reversal is ordered on the main bill of exceptions, or if an affirmance will leave the case to be tried again in the court below. If there is no reversal, or if affirmance does not leave the case to be tried again in the court below, the settled practice is to dismiss the cross-bill of exceptions." (Italics ours.) *Alexander Lumber Co.* v. *Bagley,* 184 Ga. 352 (2), 365 (191 S. E. 446). See also *McMullen* v. *Butler,* 117 Ga. 845 (3), 848 (45 S. E. 258); *Turnbull* v. *Foster,* 116 Ga. 765, 771 (43 S. E. 42); *Latimer* v. *Bennett,* 167 Ga. 811, 819 (146 S. E. 762); *Maynard*

v. *Interstate Building & Loan Asso.*, 112 *Ga.* 443, 449 (37 S. E. 741). Especially would this be apparent, where, without a motion for new trial, the cross-bill complains that the evidence was insufficient to support the verdict in favor of the opposite party, and that a charge thereon was error because there was no evidence to authorize it, since, "as several times held by this court, if the case has been tried by a jury and a verdict rendered therein, and the losing party desires to test the sufficiency of the evidence to support the verdict, a motion for a new trial is indispensable." *Beall* v. *Mineral Tone Co.*, 167 *Ga.* 667, 670 (146 S. E. 473) ; *Schroeder* v. *Schroeder*, 144 *Ga.* 119 (3) (86 S. E. 224) ; *Mackin* v. *Blalock*, 133 *Ga.* 550 (4), 553 (66 S. E. 265, 134 Am. St. R. 220) ; *Holsey* v. *Porter*, 105 *Ga.* 837 (31 S. E. 784) ; *Mobley* v. *Ellis*, 37 *Ga. App.* 683 (141 S. E. 321) and cit; *Dixie Freight Lines Inc.* v. *Transportation Inc.*, 53 *Ga. App.* 832, 836 (187 S. E. 281). Accordingly, this court can not consider the defendant's exceptions in the cross-bill relating to the item recovered by the plaintiff in the verdict and decree and the sufficiency of the evidence to support such recovery.

*Judgment affirmed in part and reversed in part on each bill of exceptions. All the Justices concur.*

BELL and GRICE, Justices, concurring specially. The first division of the opinion seems to rule that equity, having "concurrent jurisdiction" with the court of ordinary of actions for accounting against executors and administrators, will exercise such jurisdiction, regardless of whether the facts are such as to render an accounting in the court of ordinary inadequate for any reason. We are inclined to the view that equity, while having concurrent jurisdiction or power in such matters, will not exercise it unless the remedy at law is inadequate; but since in the present case there were special facts to render the equitable action more adequate and complete, we do not deem it necessary to rule on this question and merely concur in the result as to this phase of the case. See *Strickland* v. *Strickland*, 147 *Ga.* 494 (supra) ; *Terry* v. *Chandler*, 172 *Ga.* 715 (supra) ; *Evans* v. *Pennington*, 177 *Ga.* 56 (169 S. E. 349). Otherwise we concur in the opinion as written.