CHARLES W. DILL and wife ANNA FRANCES DILL, and CLAUDIA B. WISE, by her next friend, HORACE H. WITT, Complainants, vs. WILLIAM V. MCGEHEE and JOHN S. WISE, defendants.

[1.] A Court of equity will maintain jurisdiction to enforce a settlement by a trustee, with his *cestuis que trust*, where they are unable to prove what amount belonging to them is in his hands, and pray for a discovery and account.

[2.] It will also require all the parties in interest to be brought before the Court, so that complete justice may be done in the premises.

In Equity. In Harris Superior Court. Demurrer decided by JUDGE WORRILL. October Term, 1861.

This was a bill against McGehee to compel him to turn over the corpus of the trust property, and to account for hire. It was filed February 7th, 1861. Wise was made a co-defendant, only because Mrs. Wise desired her share settled upon herself and children, free from his marital rights. Such was one of the prayers of the bill.

Mrs. Dill and Mrs. Wise were the children of William J. Lowe and his wife Elizabeth. Their father, William J., in the year 1830, while the former was an infant, and before the birth of the latter, conveyed to McGehee certain slaves, in trust, for the uses following, to-wit:  "To the joint use, benefit, and behoof of the said Elizabeth and her child Anna Frances, and such other child or children as she may have, issue of the marriage aforesaid, during the minority of such child or children; and in case the said Elizabeth shall survive the said William J., and aftewards intermarry with some other man, then for the exclusive use of the said Anna Frances and such other child or children of the first named marriage that should at that time be living; but if she should survive the said Anna Frances, or such other child, then for ——— use, benefit, and behoof, forever." With the stipulation, "first, that the possession of said negroes shall be with the said McGehee, who shall either hire them out or farm them, as may be considered best: secondly, that he shall appropriate such sums, annually, as will be sufficient for the maintenance and education of said Anna Frances and such child or children: and, thirdly, that when said Anna Frances shall become of lawful age, said negroes shall be divided and apportioned, and a share given to said ———, and such other child, as aforesaid."

The bill set out this instrument, and alleged that the maker, William J. Lowe, died in 1842; that his widow, Elizabeth, intermarried with one Wiley J. Foster, in 1846; and that Anna Frances (Mrs. Dill) became twenty-one years of age in January, 1861.

It also alleged that the trustee took possession of the negroes at the date of the deed, hired them out, and received

the hire, turned some of them over to complainants' guardian in 1856, and retained the balance; that complainants have no means of knowing the amount of hire received, as the trustee has made no statement or account to them of the same; that they believe the negroes were worth for hire fifteen hundred dollars a year; that the trustee insists on settling by a general statement of the aggregate hire of all for the whole period, and refuses to state the amount of each separately, or to whom, or for what length of time they were hired, withholding the information for the purpose of defrauding and deceiving the complainants.

It prayed for discovery of all these facts; for a full account. of all hire; for delivery of all the negroes remaining with the trustee, and for general relief.

The bill was demurred to—

1. For want of equity.

2. Because the complainants had an adequate remedy at common law.

3. Because all the parties having an interest in the subject matter, were not made parties to the bill.

The Court overruled the demurrer as to the first two grounds, and sustained it as to the third; ordering that the bill should be dismissed unless Wiley J. Foster and his wife, Elizabeth, were made parties in thirty days.

The complainants excepted to the decision, so far as it sustained the demurrer. The defendants excepted to it, so far as the demurrer was overruled.

B. H. HILL and SIMS & HOYT, for complainants.

W. DOUGHERTY and JOHNSON & SLOAN, for defendants.

WALKER, J.

[1.] We are satisfied with the direction given to this case, in the Court below. Equity can mould a decree so as to mete out to each complete justice. Here a trustee has, for

years, without any general or final accounting, had possession of the negroes belonging to Mrs. Low and her children, his *cestuis que trust*; they know not how much he has realized from the hire of the negroes—have no means of knowing, and thus ask him to render an account. We think it a case peculiarly for equitable jurisdiction.

[2.] But equity does complete justice, and, therefore, Mrs. Foster (formerly Mrs. Low) and her husband are necessary parties. A general account is asked of this trustee; and in taking such account, how very appropriate that all the parties in interest should be before the Court, so that complete justice may be done between them in relation to this trust property. It is true, Mrs. Lowe's interest in the property ceased on her marriage, but she was interested up to that time; and in taking an account, she, with the other parties at interest, should be before the Court, so that the whole matter may be adjusted, and defendant not be liable to another suit in respect to the same subject matter. We have, we confess, very little disposition to favor defences purely technical. Here, these two daughters come into Court, demanding a settlement of the trust estate created by their deceased father, one asking that her portion be settled on a trustee for her separate use; what objection is there to having their mother a party also, so that the trustee may have the *whole* account taken, and pay what may be due to each? On the other hand, what objection is there, on the part of the trustee, if he has acted in good faith, to coming into a Court of equity, and making *his own statement* of his actings and doings respecting this property? Let him show what he has received, and account for it; that is all the bill asks of him. Why should a faithful trustee be unwilling to come into a Court of equity and render an account of his stewardship? We know of no good reason.

Judgment affirmed.