HOWARD *et al. v.* BOONE, administratrix.

No. 7054. FEBRUARY 21, 1930. REHEARING DENIED MARCH 1, 1930.

*Fleming & Fleming,* for plaintiffs.

*M. C. Barwick,* for defendant.

RUSSELL, C. J. (After stating the foregoing facts.) We are

of the opinion that the court erred in dismissing the petition upon the grounds stated in the demurrer. There is concurrent jurisdiction in the court of equity, as to the settlement of accounts of administrators, with that exercised by the court of ordinary. It is true that application may be made to a court of equity by a party interested in the estate, before application for the appoinment of an administrator or the filing of a will and a petition that it be probated. But the concurrent jurisdiction of equity is not confined to this. Even after administration has begun, and whenever it is made to appear that the conditions in the administration of the estate and the rights of all persons interested in its administration can be more effectually preserved or promoted by the intervention of equity, the subject-matter of administration may be assumed by a court of equity. This action was brought by the heirs at law of an intestate, against his administratrix, for settlement of her accounts with them. As is frequently the case, the facts show that equity can afford a wider scope for the exercise of its powers in granting the relief sought than can be obtained in the court of ordinary. The cases cited in the first headnote establish the proposition, that, whatever may be the remedies that have been provided by statute against administrators, the concurrent jurisdiction of equity in the settlement of accounts of administrators is specially retained by the provisions of section 4075 of the Code of 1910.

*Judgment reversed. All the Justices concur.*