LANGFORD, guardian, *v.* JOHNSON, administratrix, *et al.*

No. 8426.   FEBRUARY 12, 1932.

*Joseph M. Lang* and *Porter & Mebane,* for plaintiff.

*Little, Powell, Reid & Goldstein, M. B. Eubanks,* and *James H. Therrell,* for defendants.

BECK, P. J. (After stating the foregoing facts.) We are of the opinion that this court is without jurisdiction to entertain this case. The suit is one at law against the defendants named for a stated sum, and for the amount stated the plaintiff prays for a judgment. Even if the case was originally an equitable suit of such a character as to give this court jurisdiction of the question raised by the demurrer, the equitable features thereof upon which the jurisdiction of this court might be based were removed by the amendments. It is true that a court of equity has concurrent jurisdiction with the court of ordinary over the settlement of accounts of administrators; and it is especially true that where there are involved and complicated accounts, and questions of misconduct and mismanagement of the estate are involved, the court of equity will take jurisdiction of the matter and proceed with the accounting until the winding up of the estate; and it is therefore true, perhaps, as the petition stood when first filed, that it was an equitable suit, and a bill of exceptions to the ruling of the court in such a case might properly be sued out to this court. But, as we have pointed out above, the question of the settlement of the estate and of accounts was eliminated by the amendments; and so after these amendments the petition is one, in substance, alleging that the principal defendant and the sureties were liable to peti-

tioner in the sum of $18,773.08. The petitioner accepted the return of the administratrix as true, and sued for the amount which that return showed to be in the administratrix's hands, alleging that certain specified disbursements, the amount of which was fixed, were not lawfully made. We therefore conclude that the case must be transferred to the Court of Appeals, which has jurisdiction under the facts alleged in the petition as amended.

*Transferred to Court of Appeals. All the Justices concur, except Hines, J., who dissents.*