HOWARD *et al. v.* BOONE, administratrix.

No. 10299. FEBRUARY 15, 1935.

*Fleming & Fleming* and *Wade H. Watson,* for plaintiffs.

*M. C. Barwick* and *Highsmith & Highsmith,* for defendant.

BECK, Presiding Justice. On April 15, 1928, the plaintiffs filed in the superior court of Appling County their petition for the court of equity to take charge of the administration of an estate, alleging various irregularities and frauds in the management by the defendant, who had been appointed administratrix by the court of ordinary of Brantley County, administration of which had been transferred to Appling County. That petition was dismissed on demurrer. The Supreme Court, on February 21, 1930, reversed the judgment, thus sustaining the jurisdiction of the court of equity. *Howard v. Boone,* 170 *Ga.* 156 (152 S. E. 462). On April 21, 1929, while the case was pending in the Supreme Court, the defendant filed in the court of ordinary her application for discharge, alleging that she had fully discharged her duties. An order of discharge was granted on June 3, 1929. The plaintiffs filed in the court of ordinary a petition to revoke the order of discharge, giving a detailed statement of the facts. They amended the petition by adding the following grounds: "This court was without jurisdiction to pass said order of dismission, because the administration of said estate had been taken over by the superior court, and that court alone thereafter had jurisdiction over the further administration of said estate and the discharge of the administratrix. . . Before the discharge could be granted, it was necessary that the final return should be approved by the ordinary, and an order passed admitting the return to record; whereas the record shows that no such ap-

proval and order was ever given." The ordinary refused to revoke the discharge. The plaintiffs excepted to that ruling, and undertook to review the decision by certiorari; but the certiorari was dismissed in the superior court, on the ground that the bond did not comply with the law. The plaintiffs carried the case to the Court of Appeals, which court affirmed the judgment of the superior court. *Howard* v. *Boone,* 45 *Ga. App.* 356 (164 S. E. 470).

On March 12, 1930, the defendant filed in the superior court her plea in abatement to the original suit, based on the alleged discharge in the court of ordinary. On July 15, 1930, the plaintiffs filed their motion to strike the plea in bar. The return term of the suit in equity was the October term, 1928, and the plea in bar was filed on March 12, 1930. Thereafter the defendant amended her plea by alleging that the plaintiffs had brought a petition in the court of ordinary to revoke the order of discharge, which petition was denied, and the discharge sustained; and she pleaded that action of the court of ordinary as res judicata of the issue. The motion to strike the plea in bar was overruled, and the plaintiffs excepted.

The court did not err in holding that the unreversed judgment of the court of ordinary declaring that the judgment of discharge of the administratrix was valid was res judicata between the parties, and in overruling the motion to strike the plea in bar. For even if the court of ordinary did not have authority, while the equitable petition was pending in the superior court, to grant the order discharging the administratrix, because the court of ordinary was without jurisdiction under the circumstances to pass that order, nevertheless, when the plaintiffs filed a petition or motion to have the order of discharge revoked and set aside because of irregularities, of failure to comply with the statute, and of fraud, and the court of ordinary sustained a demurrer to this petition or motion, in effect holding that it had jurisdiction, and this last judgment stood unreversed, it was binding on the movants, for they had appealed to the court of ordinary by the motion referred to, and could not deny that the court of ordinary had jurisdiction to pass this last order. This was conclusive between the parties; and the judge did not err in holding that the matter was res judicata. This ruling is upon the controlling question in the case.

*Judgment affirmed. All the Justices concur.*