REYNOLDS, administrator, *v.* HYERS, administratrix, *et al.*

No. 13148. MAY 14, 1940.

*Robert B. Blackburn,* for plaintiff.

*McElreath, Scott, Duckworth & DuVall,* for defendants.

REID, Chief Justice. It is our duty to inquire into the jurisdiction of this court of the writ of error. *Dobbs* v. *Federal Deposit Insurance Corporation,* 187 *Ga.* 569, 570 (1 S. E. 2d, 672). We have accordingly done so, and find that the case does not fall within the jurisdiction of this court as fixed by art. 6, sec. 2, par. 5, of the constitution. Code, § 2-3005. In compliance with our rule 6-a (Code, § 24-4507), the plaintiff in error makes the following statement at the conclusion of the bill of exceptions: "This case sounding in equity, counsel for plaintiff in error is of the opinion that the Supreme Court of Georgia has jurisdiction."

"Where an action is brought in a superior court, which may exercise equity jurisdiction, the question whether it is a suit in equity is determined by the allegations and prayers." *Henderson* v. *Curtis,* 185 *Ga.* 390, 392 (195 S. E. 152). The rule is, that in order for an action to be treated as one in equity the pleader must allege or seek to allege such a cause of action as is cognizable in a court of equity, according to the historical jurisdiction of such courts as modified by statute, as distinguished from those causes of action which are cognizable at law; and the prayers or some of them must be such as are appropriate to equitable relief in the particular situation. *Regal Textile Co.* v. *Feil,* 189 *Ga.* 581 (6 S. E. 2d, 908). While it is true that a court of equity has jurisdiction of suits for an accounting against executors and administrators (Code, §§ 113-2203, 37-301; *Calbeck* v. *Herrington,* 169 *Ga.* 869, 152 S. E. 53; *Dill* v. *McGehee,* 34 *Ga.* 438; *Keaton* v. *Greenwood,* 8 *Ga.* 97; *Ewing* v. *Moses,* 50 *Ga.* 264; *Arthur Tufts Co.* v. *DeJarnette Supply Co.,* 158 *Ga.* 85, 123 S. E. 16; *Dean* v. *Central Cotton-Press Co.,* 64 *Ga.* 670, 674; *Williams* v. *Lancaster,* 113 *Ga.* 1020, 39 S. E. 471; *Strickland* v. *Strickland,* 147 *Ga.* 494, 94 S. E. 766; *Howard* v. *Boone,* 170 *Ga.* 156, 152 S. E. 462), and also has jurisdiction to compel an executor to assent to a legacy (*Clay* v. *Clay,* 149 *Ga.* 725, 101 S. E. 793), neither of these principles appears to be involved in the present case as made by the allegations and prayers of the petition. The theory of the case as finally amended appears to be simply that the appointment of the defendant as temporary administratrix was void; that she had failed to apply for permanent letters of administration; and that her administration of the assets amounted to a conversion thereof, for which she and the surety on her bond are liable. The prayer is simply for a judg-

ment for the amount of the legacy. The defendant is not called on to show the status of the estate and to account for her actings and doings, but the only relief prayed for is for a money judgment against the defendant and the surety on her bond in the amount of the legacy, on the ground that she had administered the assets of the estate (which were alleged to be in excess of the amount of the legacy) without lawful authority to do so. No principle of equity appears to be involved in the case as thus made, and none is invoked in the prayers. Accordingly we are of the opinion that the case should be transferred to the Court of Appeals. It is so ordered. Cf. *Griffin* v. *Collins*, 122 *Ga.* 102 (49 S. E. 827) ; *Langford* v. *Johnson*, 174 *Ga.* 348 (162 S. E. 690).

*Transferred to Court of Appeals. All the Justices concur.*