39601. ATLANTIC STATES CONSTRUCTION, INC. v. BEAVERS.

PER CURIAM.

This is a dissenting shareholder rights case arising under OCGA § 14-2-251 (Code Ann. § 22-1202). Atlantic States Construction, Inc. appeals from an order of Fulton Superior Court and challenges the trial court's method of determining the value of Beavers' stock. Beavers has filed a motion claiming that jurisdiction to hear this appeal lies in the Court of Appeals. We agree and, accordingly, transfer this case to the Court of Appeals.

In its Notice of Appeal filed with the court below, Atlantic States maintains that this court has jurisdiction over the case as an appeal from an "equitable proceeding." See Ga. Const., Art. 6, Sec. 2, Par. 4 (Code Ann. § 2-3104). In support of its position Atlantic States notes that OCGA § 14-2-251 (g) (6) (Code Ann. § 22-1202) provides for an award of interest at an "equitable" rate, and points out that a § 14-2-251 (Code Ann. § 22-1202) appraisal proceeding is tried before a judge and not a jury. For these reasons, Atlantic States argues, this case should be considered one in equity. Beavers disagrees, advancing three reasons why an OCGA § 14-2-251 (Code Ann. § 22-1202) proceeding should be considered legal, and not equitable, for purposes of this court's appellate jurisdiction. First, he notes that the only relief available under the statute is money damages, a legal remedy. Next, he asserts that the statute is in reality a form of specialized declaratory judgment procedure. We have held that mere resort to the Declaratory Judgment Act does not create an equity case which is directly appealable to the Supreme Court. *Jones v. Van Vleck,* 224 Ga. 796 (164 SE2d 724) (1968). Finally, Beavers analogizes this case to condemnation cases, involving only issues of value, from

which this court has refused to hear direct appeals. See *DeKalb County v. Jackson-Atlantic Co.,* 226 Ga. 664 (177 SE2d 90) (1970).

We find Beavers' arguments to be convincing. The general test for "equity" cases within this court's jurisdiction has been stated as follows: "[T]he pleader must allege or seek to allege such a cause of action as is cognizable in a court of equity, according to the historical jurisdiction of such courts as modified by statute . . . [and seek] equitable relief in the particular situation." *Reynolds v. Hyers,* 190 Ga. 200, 202 (9 SE2d 78) (1940). Appraisal rights of a dissenting stockholder were recognized at common law, prior to the enactment of the Georgia Business Corporation Code. Historically, the only relief available in appraisal proceedings has been damages in the amount of the value of the dissenter's stock. Any equitable issue is ancillary to the main issue of damages. Thus an OCGA § 14-2-251 (Code Ann. § 22-1202) appraisal proceeding is legal, not equitable, in character; and no right of direct appeal to the Supreme Court lies from such a proceeding. For these reasons we order this case transferred to the Court of Appeals.

For the purpose of compliance by our appellate courts with the Constitution of Georgia of 1976, Art. 6, Sec. 2, Par. 5 (Code Ann. § 2-3105) (the two term rule), cases transferred to the Court of Appeals will be considered as entered on the court's docket for hearing on the day the remittitur from this Court is received in the Court of Appeals.

*Transferred to the Court of Appeals. All the Justices concur.*

DECIDED APRIL 6, 1983.

*Alston & Bird, Earle B. May, Jr., Jeffrey S. Muir, Thomas D. Bever,* for appellant.

*King & Spalding, Ralph B. Levy, M. Robert Thornton,* for appellee.