(704 P.2d 383)

No. 56,719

ROBERT A. WICHERS, SR.; PROFESSIONAL PHOTOGRAPHERS COLOR CORPORATION, INC.; REX H. QUAKENBUSH; BARBARA QUAKENBUSH; and GLENICE EMMOT; *Appellants*, v. SOLOMON VALLEY FEED LOT, INC., *Appellee.*

Opinion filed August 1, 1985.

*James T. Graves*, of Clark, Mize & Linville, Chartered, of Salina, for appellants.

*Arthur G. Chartrand* and *Guy R. Steier*, of Gantenbein & Frasier, of Beloit, for appellee.

Before FOTH, C.J., REES and PARKS, JJ.

REES, J.: This case arises from the corporate merger of non-party Solomon Valley Area Development, Inc. (Development) with defendant Solomon Valley Feed Lot, Inc. (Feed Lot), by which Feed Lot emerged as the surviving corporation. Plaintiffs are five stockholders holding in the aggregate 600 shares of Development, who all objected to the merger and brought this action for declaratory and other relief. The district court granted summary judgment in favor of Feed Lot. We affirm.

None of the parties dispute the material facts. Facts important to this appeal will be mentioned as they become relevant.

Plaintiffs first argue that the district court erred in finding plaintiffs were not entitled to a judicial declaration that the appraised value of their shares in Development include an element of value attributable to the combined worth of Feed Lot and Development. Plaintiffs are in error.

In order to compensate a dissenting stockholder for the loss of his rights when the corporation in which he holds shares merges with another corporation, K.S.A. 17-6712 grants to the dissenter

appraisal rights. The right to appraisal under Kansas law is purely statutory. *Cf. Kaye v. Pantone, Inc.*, 395 A.2d 369 (Del. Ch. 1978). Thus, the short answer to plaintiffs' claim of error is that K.S.A. 17-6712(b) explicitly excludes the element of value they seek:

"If any such [dissenting] stockholder . . . shall demand in writing, from the corporation surviving . . . the merger . . ., payment of the value of his stock, the surviving . . . corporation shall pay to him . . . the value of his stock on the effective date of the merger . . . *exclusive of any element of value arising from the expectation or accomplishment of the merger* . . . ." (Emphasis added.)

Nor does the existence of the corporations' incorporators' pre-incorporation agreement promising eventual merger between the two corporations require a different conclusion. First, the appraisal statute does not provide for nor allow possible deviation from its strictures by an independent agreement that dissenting stockholders will be paid value arising from accomplishment of the merger. K.S.A. 17-6712(b). Second, even if the statute allowed an independent agreement that the value of a dissenting stockholder's share would include an element of value arising from the accomplishment of the merger, the pre-incorporation agreement here would not aid plaintiffs. That agreement, as noted by the trial judge, concerned only the exchange and retention of shares by the two corporations' stockholders, not the share value to be paid to dissenting stockholders.

Further, we find no merit in plaintiffs' theory that because Feed Lot and Development were one business venture they, in the capacity of dissenting stockholders of Development, should be paid a proportionate value of Feed Lot's assets. Even if the appraisal statute contained a provision to allow a stockholder to "pierce the corporate veil" to reach the other corporation's assets, the record on appeal does not bear out plaintiffs' assertion that these corporations were but one entity. Plaintiffs conceded below that Feed Lot and Development were "two legally distinct corporate entities." The creation of the two separate corporations was effected for the various stockholders' own business purposes and benefit.

In sum, plaintiffs are not entitled to an element of value representing what would be their proportionate interest in Feed

Lot had they exchanged their Development shares for Feed Lot shares and the trial court was correct in so holding.

Second, plaintiffs argue the district court erroneously found they were precluded from rescinding their election to cash out of the merger. We cannot agree.

Plaintiffs present a number of arguments attempting to explain why they should be allowed to back out of what in hindsight they have determined was an unwise decision. We mention only one, plaintiffs' assertion that they are free to rescind their appraisal election until they deliver their shares to the clerk of the court. See K.S.A. 17-6712(g). Their arguments are without merit. The bottom line is that plaintiffs properly perfected their rights to an appraisal and then failed to follow the statutory procedure to withdraw their election. K.S.A. 17-6712(i). The withdrawal section of the statute simply does not grant dissenting stockholders the right to freely withdraw their election before submission of their shares to the court. We find that plaintiffs are bound by their election to pursue the statutory appraisal remedy and that the trial court properly refused to allow them to rescind.

Third, plaintiffs assert the merger of Development and Feed Lot violated common law preemption rights retained by them by virtue of a savings clause in K.S.A. 1984 Supp. 17-6002. We find and conclude that the merger did not violate preemption rights, if any, retained by plaintiffs since any such rights would have accrued only with respect to *Development's* issuance of additional shares. K.S.A. 1984 Supp. 17-6002(b)(3). See also *Federal Reserve Life Ins. Co. v. Gregory*, 132 Kan. 129, 294 Pac. 859 (1931) (violation of plaintiff-stockholder's preemption rights when officers of plaintiff corporation had capital stock of corporation issued to themselves without notice to plaintiff-stockholder).

In conclusion, we hold there exists no genuine issue as to any material fact and that Feed Lot is entitled to judgment as a matter of law. *Lostutter v. Estate of Larkin*, 235 Kan. 154, 164, 679 P.2d 181 (1984).

Affirmed.