838 P.2d 494

T.C. SMITH, Jr., Bow Cauthen Smith, Donna Janene Smith, Charles A. Pharris, Karen A. Pharris, Rolla Buck, Pearl Buck, and John Denney, Plaintiffs–Appellees,

v.

FIRST ALAMOGORDO BANCORP, INC., a New Mexico Corporation, Defendant–Appellant.

No. 13303.

Court of Appeals of New Mexico.

Aug. 24, 1992.

Certiorari Denied Sept. 30, 1992.

John P. Eastham, Bill Panagakos, Kemp, Smith, Duncan & Hammond, P.C., Albuquerque, for defendant-appellant.

Edgar L. Buck, Alamogordo, Charles A. Pharris, Margaret E. Davidson, Keleher & McLeod, P.A., Albuquerque, for plaintiffs-appellees.

## OPINION

DONNELLY, Judge.

In this interlocutory appeal we address the issue of whether Plaintiffs (Shareholders), who oppose a corporate merger and file a statutory proceeding pursuant to NMSA 1978, Section 53–15–4 (Repl.Pamp.1983) of the New Mexico Business Corporation Act to obtain a judicial determination of the fair value of their corporate shares, are entitled to a jury trial in such action. We hold that there is no right to a jury trial in such proceeding and reverse.

Shareholders are owners of stock in First Alamogordo Bancorp, Inc. (Bancorp). Bancorp sought to merge with another bank. Shareholders disagreed with the planned merger and exercised their rights under Section 53–15–4 to obtain a valuation of their stock in the corporation. Under the Business Corporation Act, NMSA 1978, Section 53–15–3(A)(1) (Repl.Pamp.1983), dissenting shareholders who object to a merger have a statutory right to be paid the fair market value of their stock upon demand. Although the parties agree that Shareholders are entitled to receive the fair value of their stock, they have been unable to agree upon the value of such stock.

Shareholders filed a petition with the district court pursuant to Section 53–15–4(E), and filed a demand for a six-person jury. Bancorp filed a motion to strike the jury demand. This motion was denied by the district court, and the issue was certified to this court for interlocutory appeal.

## CLAIM OF RIGHT TO JURY TRIAL

Bancorp contends that the district court erred in denying its motion to strike Shareholders' jury demand because the action for valuation of Shareholders' stock is a special statutory proceeding which does not permit trial by jury. Bancorp also contends that the constitution does not require a jury trial.

Section 53–15–4(E) of the Business Corporation Act provides in applicable part that if, within the time prescribed by law, a dissenting shareholder and the corporation are unable to agree upon the fair market value of such shares, then the dissenting shareholder

> may, file a petition in any court of competent jurisdiction in the county in this state where the registered office of the corporation is located praying that the fair value of the shares be found and determined.... The jurisdiction of the court shall be plenary and exclusive. All shareholders who are parties to the proceeding shall be entitled to judgment against the corporation for the amount of the fair value of their shares. The court may, if it so elects, appoint one or more persons as appraisers to receive

evidence, and recommend a decision on the question of fair value.

Nothing in Section 53–15–4(E) explicitly authorizes a right to a jury in proceedings filed under the statute. Bancorp argues that the statutory language specifically precludes a jury trial in such proceedings, because it states that the jurisdiction of the court "shall be plenary and exclusive." § 53–15–4(E). We interpret this phrase, however, to mean that the district court in which the petition is first filed has jurisdiction over the proceedings to the exclusion of any other court in which the petition might have been filed. We do not read such language as referring to the right to trial by jury. The statute itself is silent as to the right to trial by jury.

Whether a dissenting shareholder is entitled to a jury in a proceeding to determine the fair valuation of his or her stock has not previously been addressed in New Mexico. Courts in Ohio and New Jersey, however, based upon the language of their particular statutes have held that dissenting shareholders were not entitled to a jury trial to determine the value of their stock. *See Armstrong v. Marathon Oil Co.*, 32 Ohio St.3d 397, 513 N.E.2d 776 (1987); *New Jersey Sports & Exposition Auth. v. Del Tufo*, 210 N.J.Super. 664, 510 A.2d 329, 331 (Law Div.1986). *But see Multitex Corp. of Am. v. Dickinson*, 683 F.2d 1325, 1328 n. 3 (11th Cir.1982) (observing that 1969 amendment to Georgia statute expressly removed requirement for nonjury proceeding); *General Grain, Inc. v. Goodrich*, 140 Ind.App. 100, 221 N.E.2d 696, 699 (1966) (en banc) (recognizing right of jury trial where statute to determine rights of dissenting shareholders in cases involving corporate mergers and consolidations expressly provided that " 'practice, procedure and judgment' " in such cases " 'shall be the same ... as that under the eminent domain laws' " (quoting Ind.Stat.Ann. § 25–236 (Repl.1960))). Comparison of the cases referred to above indicates that where jury trials have been permitted in such proceedings the statute has expressly so provided or contains other provisions confirming such right.

Section 53–15–4(E), as it is presently constituted, is derived from the ABA Model Business Corporation Act, Section 81 (2d ed. 1971). *See* Compiler's notes to § 53–15–4; *see also* 15 William M. Fletcher, *Fletcher Cyclopedia of the Law of Private Corporations* § 7165 (perm. ed. rev. vol. 1990). Under Section 53–15–4(E), the "court" may either decide the issue or appoint one or more appraisers to determine the value of the stock. Examination of the statute in its entirety, including the right of the court in its discretion to appoint one or more appraisers "to receive evidence" and to recommend a decision on the fair value of the dissenters' stock, we think evidences a legislative intent to establish a mechanism for determination of the stock valuation by the court, not a jury. *See Southard v. Fox*, 113 N.M. 774, 775, 779, 833 P.2d 251, 252, 256 (Ct.App.1992) (no right to a jury trial when statute provided that the "court in its discretion may allow interest").

We now turn to a discussion of whether the constitution requires a jury trial. Article II, Section 12 of the New Mexico Constitution has been interpreted so as to preserve the right to a jury trial as it existed at the time the constitution was adopted. *Evans Fin. Corp. v. Strasser*, 99 N.M. 788, 664 P.2d 986 (1983); *State ex rel. Human Servs. Dep't v. Aguirre*, 110 N.M. 528, 797 P.2d 317 (Ct.App.1990). At the time our state constitution took effect, there was no civil action providing a right to a jury by dissenting shareholders in stock valuation proceedings.

At common law, the unanimous consent of shareholders was required to effect a corporate merger. *See Steinberg v. Amplica, Inc.*, 42 Cal.3d 1198, 233 Cal.Rptr. 249, 252, 729 P.2d 683, 687 (1986) (en banc); *see also* Note, *Valuation of Dissenters' Stock Under Appraisal Statutes*, 79 Harv. L.Rev. 1453 (1966). This requirement was thought to restrict corporate flexibility, and all states have passed statutes allowing shareholders to approve mergers by a less than unanimous vote. *Id.* To compensate minority dissenting shareholders for the loss of their common-law veto power, most

of these statutes provide that the dissenting shareholders may force the corporation to buy their corporate stock by paying the fair value of their stock holdings. *See* Ferdinand S. Tinio, Annotation, *Valuation of Stock of Dissenting Stockholders in Case of Consolidation or Merger of Corporation, Sale of Its Assets, or the Like,* 48 A.L.R.3d 430 (1973).

New Mexico enacted its first statute governing the rights of dissenting shareholders in 1905, prior to the adoption of our state constitution. *See* 1905 N.M.Laws, ch. 79, §§ 110–115. This statute provided that dissenting shareholders could petition the district court for the appointment of three disinterested appraisers to value the stock and that the appraisers' award, "when confirmed by the said court," was conclusive as to all parties. *Id.,* § 113; *see also* § 114. We discern from this language that no jury trial was authorized in such proceeding for the determination of the value of the stock of dissenting shareholders. *Cf. Armstrong v. Marathon Oil Co.* (where statute indicates that the "court" shall make a finding as to fair value, the provision dispenses with the jury trial requirement). As observed in *Kneisley v. Lattimer–Stevens Co.,* 40 Ohio St.3d 354, 533 N.E.2d 743, 746 (1988), "[t]he right to a jury trial ... is substantive, not procedural. There is no *right* to a jury trial ... unless that right is extended by statute or existed at common law prior to the adoption of our state Constitution." (Citation omitted.)

We note, in addition, that the right to an appraisal of the value of a dissenting shareholder's stock is purely statutory. *See Wichers v. Solomon Valley Feed Lot,* 10 Kan.App.2d 486, 704 P.2d 383 (1985); *Willcox v. Stern,* 18 N.Y.2d 195, 273 N.Y.S.2d 38, 219 N.E.2d 401 (1966). The right to dissent from a merger or consolidation and be paid fair value is a new right that did not exist at common law, and the proceeding created by the appraisal statute is a special statutory remedy. *See City of Tucumcari v. Magnolia Petroleum Co.,* 57 N.M. 392, 259 P.2d 351 (1953) (a "special proceeding," as distinguished from an ordinary civil action, is one in which the law confers a right and authorizes a special application to a court to enforce that right); *see also New Jersey Sports & Exposition Auth. v. Del Tufo* (statute creating dissenters' rights action creates new rights and constitutes a special statutory proceeding); *cf. El Paso Elec. v. Real Estate Mart, Inc.,* 98 N.M. 490, 650 P.2d 12 (Ct.App.1982) (eminent domain proceedings, which provide for the filing of a petition and the appointment of appraisers or commissioners, are "special proceedings"). Our supreme court has held that where the legislature creates a right of action pursuant to a special statutory proceeding, there is no right to a jury trial under our constitution unless the statute so provides. *Reece v. Montano,* 48 N.M. 1, 144 P.2d 461 (1943); *Seward v. Denver & Rio Grande R.R.,* 17 N.M. 557, 131 P. 980 (1913); *El Paso Elec. v. Real Estate Mart, Inc.; see also* Fleming James, Jr., *Right to a Jury Trial in Civil Actions,* 72 Yale L.J. 655 (1963) (in devising new rights and remedies since the enactment of state and federal constitutions, the legislature has considerable latitude to determine whether they shall carry the right to a jury trial).

Since the remedy provided under Section 53–15–4(E) is statutory in origin and there is no provision granting a right to a jury trial, we conclude that there is no statutory or constitutional right to a jury in such proceeding for stock valuation created by the legislature.

Shareholders argue that in order to resolve the issue of whether they are entitled to a jury trial it is necessary to apply the analysis recognized in *Scott v. Woods,* 105 N.M. 177, 730 P.2d 480 (Ct.App.1986). In *Scott* this court considered whether a shareholder who filed a stockholder's derivative action was entitled to a jury trial, and adopted the three-pronged test set forth in *Ross v. Bernhard,* 396 U.S. 531, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970), for determining whether a right to jury trial exists when the legislature has created a new duty or right of action, enforceable in an ordinary civil proceeding. *Scott v. Woods,* 105 N.M. at 182, 730 P.2d at 485; *see also* James, *supra* (if legislature creates right to be addressed by action which is analogous to

common-law action, such statute may not deprive parties of right to jury trial). The *Scott* court held that determination of whether a right to a jury trial exists is made by "taking into account the nature of the underlying claim, as well as its historical origins, and the practical limitations of the jury." 105 N.M. at 182, 730 P.2d at 485. Even applying the *Scott* analysis to the instant case, we conclude that the right of jury trial under Section 53–15–4(E) does not exist.

■ In asserting their right to a jury trial, Shareholders emphasize the nature of the underlying claim: the fact that the ultimate outcome of proceedings under Section 53–15–4(E) is to grant monetary relief and to direct payment of the fair value of their shares of stock. A judgment under the statute, resulting from Shareholders' affirmative decisions to refuse to participate in the merger, differs from an ordinary damages action involving negligence, fraud, or other activity that injures a plaintiff who has done nothing to incur the injury. The statutory proceeding bears some similarity to both a condemnation action and an action for accounting and dissolution of a partnership. Both types of actions require valuation of property and, ultimately, payment of money; a condemnation action is imposed on the owner, while an action for accounting is a voluntary proceeding instigated by a partner. Neither action was historically tried to a jury, even though an eminent domain suit was considered an action at law and not equity. *See Kohl v. United States*, 91 U.S. 367, 23 L.Ed. 449 (1875) (eminent domain is a right at common law, not equity, but historically was not tried to jury); *Phillips v. Kaplus*, 764 F.2d 807 (11th Cir.1985) (accounting between partners has traditionally been considered an equitable action not triable to jury), *cert. denied*, 474 U.S. 1059, 106 S.Ct. 802, 88 L.Ed.2d 778 (1986); *Bouton v. Potomac Edison Co.*, 288 Md. 305, 418 A.2d 1168 (1980) (absent specific constitutional or statutory provisions authorizing right to jury trial, issues in condemnation case are triable to the court). Given the ambiguous nature of the remedy in this case, we do not believe this factor mandates a right to a jury trial.

In deciding that a right of jury trial does not exist in the present proceeding, we have considered the opinion in *Atlantic States Construction, Inc. v. Beavers*, 250 Ga. 828, 301 S.E.2d 635 (1983), which held that appraisal proceedings are legal and not equitable. That opinion was based in part on a statement that appraisal rights of dissenting shareholders were recognized at common law, and on a characterization of the payment of the stock's value as "damages." We disagree with the first statement. The characterization of the monetary relief awarded in appraisal actions cannot be so simply characterized. *See* 79 Harv.L.Rev. at 1454; Tinio, *supra*, 48 A.L.R.3d at 437–38.

Application of the other two *Scott* factors leads us to the conclusion that the legislature in adopting the provisions of Section 53–15–4 did not authorize the right of trial by jury in proceedings to determine the value of the stock of dissenting shareholders. Nothing in the historical origins of the claim indicates any inclination favoring the right to a jury trial. As noted above, the two closest analogues to an appraisal action historically were not tried to a jury, although New Mexico has expressly adopted legislation granting a right to trial by jury in condemnation actions. NMSA 1978, § 42–2–11.

The nature of the valuation decision indicates reliance on a great deal of discretion, rather than simple fact-finding, and thus, as a practical matter, a judge is in a better position than the jury to make the determination. In *Tome Land & Improvement Co. v. Silva*, 83 N.M. 549, 552, 494 P.2d 962, 965 (1972), our supreme court construed the provisions of former Section 51–28–4 (now compiled as § 53–15–4), and observed:

[T]he appraiser, or the trial court in this case, has discretion in determining market, asset and investment value. The appraiser's valuation is then subject to review by the trial court to determine whether it is supported upon reasonable grounds. If the appraiser's valuation is

not so supported, the trial court may substitute its own calculation of any or all of the factors. In addition, the trial court may also examine the appraiser's allocation of weight to be given each factor and, if a proportionate weight is unreasonable in light of surrounding circumstances, the trial court may modify the allocated weight. [Citations omitted.]

In light of the emphasis placed by the court in *Tome* on the trial court's discretion and judgment, as opposed to a simple substantial-evidence review of the valuation decision, we think it is clear that even under the analysis set forth in *Scott*, Shareholders are not entitled to a jury trial in this action.

*CONCLUSION*

We reverse the district court's order and remand with instructions that Bancorp's motion to strike the jury demand be granted.

IT IS SO ORDERED.

CHAVEZ and PICKARD, JJ., concur.